[No. 3,828.]

## N. G. WYATT *v.* RUFUS T. BUELL.

LIBEL IN LEGAL PROCEEDINGS.—If a party, in an application to the Supreme
Court for an extension of time to file a transcript, goes outside of the
facts, material to procure the order, and states matter wholly foreign to
the application, in which he charges his attorney with having entered
into a collusive agreement with the attorney of the other party, this
charge against his attorney is not a privileged communication, but is
libelous *per se*.

APPEAL from the District Court, Twentieth Judicial District, County of Monterey.

Action to recover damages for a libel contained in an application addressed by the defendant to the Supreme Court. This application, or, rather, petition, was sworn to, and stated that the petitioner was the defendant in an action which had been tried in Monterey County, wherein a judgment had been rendered in favor of L. M. Cohn and against him, at the April Term, 1870, and that he gave notice of motion for a new trial, and filed a statement, but that, on the third day of July, he met with an accident while riding horseback, and had, since the sixteenth of July, been under the care of a physician, and had been in a critical condition, until within two weeks, but had not been able to prepare and arrange the transcript.

The petitioner then went on to state the history of the case, and of a difficulty between himself and his attorney, the present plaintiff, about an answer his attorney had drawn up, and intimated that the answer made admissions which it ought not to have contained; and that he, Buell, would have obtained a nonsuit against Cohn if his attorney had not made admissions in the answer which he ought not to have made; and then stated: "Now your petitioner believes, and ever will, that there was collusion between his attorney and plaintiff's attorney." The petitioner further stated that he then discharged his attorney. The plaintiff obtained a judgment in this case in the Court below, and the defendant appealed.

*R. T. Buell* in person, argued, that as the libel complained of was in a legal document addressed to the Supreme Court, it was not libelous, being a privileged communication, and cited Townsend on Slander, Sec. 221. He further argued, that the fact that the subject matter charged as libelous was irrelevant, did not change the rule, and cited, Townsend on Slander, Secs. 222, 288 and 209, and *Lewis* v. *Chapman,* 16 N. Y.

*N. G. Wyatt* in person, argued, that the alleged libel was not privileged, and that the test whether a libel was privileged as a judicial proceeding was, whether the libelous matter was material and pertinent to the fact in controversy, and cited Townsend on Slander, note one, pages 349 and 350, and *Wilson* v. *Fitch,* 41 Cal. 382–3.

By the COURT:

The demurrer to the complaint was properly overruled. The publication complained of was libelous *per se,* and was not privileged. The libelous matter was contained in a sworn application addressed to the Justices of this Court by the defendant, requesting an extension of time to file the transcript on appeal in a cause wherein the defendant was appellant. The reason which he assigned as a ground for the extension was that he had recently met with a severe accident which disabled him from preparing the transcript on appeal. But instead of confining himself to this, which was the only material matter in his application, he proceeded to give a history of the proceedings in the cause, and charged his attorney (the present plaintiff) with having entered into a collusive agreement with the attorney for the adverse party. All this was wholly foreign to the application for an extension of time, and under no recognized rule can be treated as privileged. The motion for a new trial was properly denied. There was no specification in the statement of the particulars wherein the evidence was insufficient to justify the verdict, nor of the errors of law which were relied upon.

Judgment and order affirmed. Remittitur forthwith.