[L. A. No. 2761. Department One.—December 9, 1911.]

## W. R. GOSEWISCH, Appellant, v. J. J. DORAN et al., Respondents.

LIBEL—PUBLICATIONS IN JUDICIAL PROCEEDINGS—EXTENT OF PRIVILEGE—RELEVANCY AND MATERIALITY OF STATEMENTS—MALICE.—Whether, under subdivision 2 of section 47 of the Civil Code, as amended in 1874, an absolute privilege attaches to defamatory publications made in the course of judicial proceedings, is not decided. It is held, however, that if the privilege is not absolute, the only limitation upon it is that the defamatory matter must be pertinent and material to the cause or subject of inquiry before the court. If it be pertinent, the defendants' malice or bad faith does not affect the privileged character of the publication. Subject to the possible limitation of relevancy and materiality, the privilege attaching to statements made in the course of judicial proceedings is absolute.

ID.—COMPLAINT CHARGING DIRECTOR OF CORPORATION WITH MISAPPROPRIATION OF FUNDS.—GIST OF CAUSE OF ACTION — RELEVANT AND

MATERIAL AVERMENTS.—In a complaint by minority stockholders of a corporation, on behalf of themselves and such other stockholders as might come in, against the corporation and its directors, to compel one of such directors, who, as was alleged, held the majority of the stock and controlled the board of directors, to account to the corporation for moneys collected under invalid assessments and appropriated by him to his own use, and for other moneys of the corporation so appropriated, such alleged misappropriations of the corporate funds were of the very gist of the cause of action asserted, and the averments in respect thereto were relevant and material to the cause of action, and could not be made the basis of an action for libel on behalf of the director charged with the misappropriation.

ID.—ALLEGATION OF IMPERTINENCY AND IMMATERIALITY OF AVERMENTS —CONCLUSION OF LAW—COMPLAINT ATTACHED AS EXHIBIT.—In an action by such director for libel, based upon such averment of misappropriation contained in the stockholders' action, an allegation that the publications charging him with misconduct were not pertinent or material is a mere conclusion of law, which is not admitted by demurrer, as against a showing of the exact contents of the complaint in the ·stockholders' action, which was attached to the complaint in the action for libel.

ID.—PLEADING PRIVILEGE—DEMURRER—PRIVILEGE OF PUBLICATION SHOWN BY COMPLAINT.—While it is ordinarily true that privilege is to be pleaded as affirmative matter of defense to an action for libel, yet where the complaint shows on its face that the publication was privileged, the point may be raised on general demurrer.

APPEAL from a judgment of the Superior Court of Los Angeles County. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Munson & Barclay, and A. J. Mitchell, for Appellant.

William Fleet Palmer, Valentine & Newby, Frank James, Smith & Smith, and Williams, Goudge & Chandler, for Respondents.

SLOSS, J.—The plaintiff instituted this action to recover damages for libel. The defendants demurred to an amended complaint, and the court below sustained their demurrers and gave judgment in their favor. The plaintiff appeals.

The amended complaint charges that in January, 1909, the defendants, as plaintiffs, commenced an action in the superior court of Los Angeles County, against the plaintiff herein and

others as defendants. In said action they "maliciously and without reasonable or probable cause" filed a complaint in which they charged plaintiff with the misappropriation and embezzlement of the funds of a corporation of which they were stockholders and the plaintiff was a director and president. A copy of the complaint in said action is annexed to and made a part of the amended complaint herein. The plaintiff alleges that the charges against him were published in a daily newspaper in the city of Los Angeles, but inasmuch as there is no suggestion that the defendants were in any way responsible for, or connected with, such newspaper publication, this averment has no relevancy to the cause of action attempted to be stated. It is alleged that "all of said publications were and are false, malicious and defamatory, and wholly without justification or excuse, and were not pertinent or material or at all necessary to the proceedings instituted by the filing of said complaint."

The claim of the respondents is that the publication of the charges against plaintiff by means of a pleading in an action was privileged. Section 45 of the Civil Code defines libel as "a false and unprivileged publication by writing, printing, picture, effigy; or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." Section 47 of the same code enumerates five classes of privileged publication. One of these is a publication made—"2. In any legislative or judicial proceeding, or in any other official proceeding authorized by law." This subdivision, in its present form, was added to the section by an amendment adopted in 1874.

The prevailing rule in England and in some of the American states has been that the privilege attaching to defamatory statements made in the course of judicial proceedings is absolute. Townshend, in his work on Slander and Libel, states, at section 221, that he believes the "better and prevailing rule to be that for any defamatory matter contained in a pleading in a court of civil jurisdiction no action for libel can be maintained." (*Cutler* v. *Dixon*, 4 Coke 12; *Wilkins* v. *Hyde*, 142 Ind. 260, [41 N. E. 536]; *Runge* v. *Franklin*, 72 Tex. 585, [13 Am. St. Rep. 833, 3 L. R. A. 417, 10 S. W. 721]; 25 Cyc. 376.) On the other hand, many courts in this country

have limited the privilege to declarations pertinent and material to the matter in controversy. (*Hoar* v. *Wood*, 3 Met. 193; *McLaughlin* v. *Cowley*, 127 Mass. 316; *Moore* v. *Manufacturers' Nat. Bank*, 123 N. Y. 420, [11 L. R. A. 753, 25 N. E. 1048]; *Wilson* v. *Sullivan*, 81 Ga. 238, [7 S. E. 274]; *Ash* v. *Zwietusch*, 159 Ill. 455, [42 N. E. 854]; 25 Cyc. 377.) And this limitation of the rule was applied in a case arising in this state prior to the amendment of 1874 to section 47 of the Civil Code. (*Wyatt* v. *Buell*, 47 Cal. 624.) The language of subdivision 2 of the amended section, is, however, broad and unrestricted in its terms, and this court, in *Hollis* v. *Meux*, 69 Cal. 625, [58 Am. Rep. 574, 11 Pac. 248], suggested a doubt as to whether the legislature, by enacting that subdivision, intended to change the rule announced in *Wyatt* v. *Buell,* so as to render communications made in a judicial proceeding absolutely privileged. The court concluded, in the Hollis case, that the charges there made were relevant and material to the proceeding in which they were published, and therefore found it unnecessary to resolve this doubt. It may, however, be remarked that in *Ball* v. *Rawles*, 93 Cal. 222, 236, [27 Am. St. Rep. 174], the privilege is declared to be absolute, and *Hollis* v. *Meux* is cited as authority for the declaration. (See, also, *Duncan* v. *A. T. & S. F. Ry. Co.*, 72 Fed. 808, [19 C. C. A. 202].) But if, notwithstanding the provision of our code, and these utterances of the court, we take the view that the privilege is not absolute, the only limitation upon it is that the defamatory matter must be pertinent and material to the cause or subject of inquiry before the court. If it be pertinent, the defendant's malice or bad faith does not affect the privileged character of the publication. "Malice," says the court in *Hollis* v. *Meux*, "cannot be predicated of it. No one is permitted to allege that what was rightly done in a judicial proceeding was done with malice." That malice is not a subject of inquiry where a defamatory statement, relevant to the injury, is made in the course of a judicial proceeding, is not only established by the decided cases, (*Moore* v. *Manufacturers' Nat. Bank*, 123 N. Y. 420, [11 L. R. A. 753, 25 N. E. 1048]; *Wilson* v. *Sullivan*, 81 Ga. 238, [7 S. E. 274]; *Hartung* v. *Shaw*, 130 Mich 177, [89 N. W. 701]; *Bartlett* v. *Christhilf*, 69 Md. 219, [14 Atl. 518]), but it is plainly shown by the terms of section 47 of the Civil Code. Subdivisions 3,

4, and 5 of that section, dealing, respectively, with communications to a person interested therein, with reports in public journals of judicial, legislative, or other public proceedings, and with reports of the proceedings of public meetings, make the privilege, in each case, dependent upon the want of malice. But subdivision 2 is not so qualified. All of the cases cited by appellant come within the terms of one or another of subdivisions 3, 4, and 5. What is said in these cases with reference to malice has no application to a case depending on the terms of subdivision 2. Subject to the possible limitation of relevancy and materiality, the privilege attaching to statements made in the course of judicial proceedings is absolute.

We are satisfied that the charges made against plaintiff in the complaint filed by the defendants were pertinent and material to the subject of the action in which such complaint was filed, and hence could not be the foundation of an action for libel, even if the more limited rule of privilege be applied. The complaint in question undertook to set forth a cause of action by minority stockholders of a corporation, on behalf of themselves and such other stockholders as might come in, against the corporation and its directors, of whom the plaintiff herein was one, to compel the said plaintiff, who, as was alleged, held the majority of the stock and controlled the board of directors, to account to the corporation for moneys collected under invalid assessments and appropriated by him to his own use, and for other moneys of the corporation so appropriated. An injunction and other relief was also asked. That any stockholder may bring an action to enforce a claim of the corporation against one who is in control of the board of directors and can thus prevent an action in the name of the corporation itself is well settled. (2 Cook on Corporations, sec. 645; Dodge v. Woolsey, 18 How. (U. S.) 331, [15 L. Ed. 401].) And it is equally clear that the alleged misappropriations of corporate funds by one occupying a fiduciary relation to the corporation were the very gist of the cause of action asserted, and that the averments of which the plaintiff here complains were relevant and material to that cause of action. As against the showing of the exact contents of the pleading which was thus filed against the plaintiff, his allegation in his complaint for libel that the publications charging him with misconduct were not pertinent or material is a mere conclusion

of law, which is not admitted by the demurrer (*Glide* v. *Dwyer,* 83 Cal. 477, [23 Pac. 706]; *Burling* v. *Newlands,* 112 Cal. 476, [44 Pac. 810]), and must be disregarded as contrary to the facts alleged.

While it is ordinarily true that privilege is to be pleaded as affirmative matter of defense to an action for libel (*Gilman* v. *McClatchy,* 111 Cal. 606, [44 Pac. 241]), yet where the complaint shows on its face that the publication was privileged, the point may be raised on general demurrer. In each of the cases of *Hollis* v. *Meux,* 69 Cal. 625, [58 Am. Rep. 574, 11 Pac. 248], and *Ball* v. *Rawles,* 93 Cal. 222, [27 Am. St. Rep. 174, 28 Pac. 937], a demurrer to the complaint had been sustained and the action of the court below was upheld on appeal.

The judgment is affirmed.

Shaw, J., and Angellotti, J., concurred.