[Civ. No. 20578. First Dist., Div. Three. Nov. 9, 1962.]

MARVIN E. LEWIS, Plaintiff and Appellant, v. CLARENCE A. LINN, Defendant and Respondent.

396

· Leò R. Friedman for Plaintiff and Appellant.

Thomas M. O'Connor, City Attorney, and George E. Baglin, Deputy City Attorney, for Defendant and Respondent.

DRAPER, P. J.—Plaintiff, an attorney, seeks damages from defendant, a municipal judge, for allegedly slanderous statements made by the judge from the bench. Demurrer to the complaint was sustained without leave to amend. Plaintiff appeals from the judgment of dismissal.

Plaintiff contends that neither the general rule of judicial immunity nor the absolute privilege under the law of defamation is available to defendant. The argument is that each is limited to statements made in the course of a proceeding within jurisdiction and in a matter relevant to that proceeding. Here motion and affidavit to disqualify defendant were filed before utterance of the statements sued upon. It is plain-

tiff's position that this filing terminated defendant's jurisdiction, and that thus his remarks thereafter were not within either exemption claimed by him.

Plaintiff represented 10 defendants in a criminal case set for trial in the municipal court of San Francisco. The nature of the charges against them is not alleged. One judge disqualified himself because he had received letters threatening him and his family unless two defendants were treated leniently. The presiding judge of the municipal court (there is no master calendar in the criminal departments of that court) assigned defendant to try the case.

On the day of trial, Judge Linn called the case. Plaintiff filed a motion of "the defendants above named" to disqualify the judge on the ground that he "is prejudiced against said defendants" (Code Civ. Proc., § 170.6). Also filed was plaintiff's affidavit alleging that the judge "is prejudiced against four of the above defendants." Plaintiff announced that he had telephoned his office for "a more complete affidavit," which would be delivered to him shortly. The judge said that he would proceed on the affidavit already filed, but raised a question as to the time of filing. Later, a question was raised as to which defendants were joined in the motion and affidavit to disqualify. On each of these points there were a number of exchanges between judge and attorney, in the course of which the alleged defamatory statements were made. Reporter's transcript of the proceedings is incorporated in the complaint.

Among the alleged defamatory remarks are: "this is a matter for a federal grand jury"; "this is a matter for a bar association"; "you are an officer of this court in very bad grace at the moment." A number of other remarks are alleged, by pleaded innuendo, to be slanderous. No issue is raised as to the defamatory character of the statements. The argument in support of the judgment is based wholly on the claim of privilege.

It is the long established rule, not limited to actions for defamation, that a judge is not to be held answerable in damages for acts performed in his judicial capacity (*Oppenheimer* v. *Ashburn,* 173 Cal.App.2d 624, 629-634 [343 P.2d 931].) He acts within that capacity even when he acts in excess of jurisdiction, so long as there is not a "clear absence of all jurisdiction over the subject matter" (*Bradley* v. *Fisher,* 80 U.S. (13 Wall.) 335, 351-352 [20 L.Ed. 646]). In determining "jurisdiction" for this purpose, great care must

be taken to avoid becoming ensnared in the conflicting technical definitions of the term (*Singer* v. *Bogen,* 147 Cal.App.2d 515, 524 [305 P.2d 893]). ■ Determination of jurisdiction is a judicial duty, and error in such determination is itself within the rule of immunity. ■ In general, if any reasonable ground for the assumption of jurisdiction is shown, the immunity applies (*Taliaferro* v. *County of Contra Costa,* 182 Cal.App.2d 587, 593 [6 Cal.Rptr. 231]). The rule finds its reason not in protection of any judge as an individual, but in assuring that the judiciary generally may discharge its public duty of fair and honest determination of often bitter controversies, unimpeded by fear of suit by a disgruntled litigant disappointed in the judicial determination (see cases cited above). The public, whose right to an unintimidated judge is protected by this rule of immunity, in turn is protected against the judge by the several procedures for his removal. This protection has been broadened in California by the 1960 constitutional amendment (Cal. Const., art. VI, §§ 1b and 10b).

In the field of defamation, the immunity of judge, attorney, party, witness, and those reporting the proceedings, is provided by statute (Civ. Code, § 47).

Plaintiff argues that the absolute privilege prescribed by that section is limited to statements which are relevant to the issue being tried. It is true that many jurisdictions follow this rule (33 Am.Jur. 146-147). There is room to question whether the requirement of relevancy conditions the privilege in California. A case decided in 1906 (*Carpenter* v. *Ashley,* 148 Cal. 422 [83 P. 444, 7 Ann.Cas. 601]) held that statements by a district attorney, defamatory of defense counsel, were not within the privilege because not relevant to the issues being tried. Although *Carpenter* does not discuss section 47, it is significant that this section was amended in 1927 by adding to subdivision 2 (that here involved) a proviso that the privilege does not apply to certain statements in domestic relations proceedings unless, in addition to other factors, the averment is "material and relevant to the issues." A 1932 decision (*Moore* v. *United States Fid. & Guar. Co.,* 122 Cal.App. 205, 210-211 [9 P.2d 562]), points out that the effect of this amendment was to require relevancy only in the specified proceedings, thus removing any basis for implying such a limitation in other actions. The holding of *Moore* that relevancy is not a limitation on the privilege generally has been followed (*Donnell* v. *Linforth,* 11 Cal.App.2d 25 [52 P.2d 937]), and

both these cases have been cited by the Supreme Court without limitation, although in a different context (*Albertson* v. *Raboff*, 46 Cal.2d 375, 379 [295 P.2d 405]).

We doubt that the California rule requires relevancy and materiality, in any strict sense, as a condition to application of the absolute privilege of section 47, subdivision 2. However, we need not rest our decision on that ground, since even where the limitation exists it is not so rigidly applied as to bar resort to the privilege by the defendant here.

To be privileged, the defamatory matter need not "be relevant or pertinent to any issue before the court," but only "have some reference to the judicial function which the judge is performing" (Rest., Torts, § 585, com. e). "If there is the slightest color of jurisdiction, and if jurisdiction has been assumed," the immunity applies (*id.*, com. f; see also *Bradley* v. *Fisher, supra,* 80 U.S. (13 Wall.) 335, 352-353).

The privilege is denied to any participant in legal proceedings only when the matter is "so palpably irrelevant to the subject matter of the controversy that no reasonable man can doubt its irrelevancy and impropriety" (33 Am.Jur. 146-147). In applying the general rule of immunity of judicial officers in the conduct of judicial business, of which the privilege in defamation action is but a special application, the California courts favor a liberal construction of the scope of jurisdiction and relevancy (*Irwin* v. *Newby,* 102 Cal.App. 110, 114 [282 P. 810, 283 P. 370]; see also *Taliaferro* v. *County of Contra Costa, supra,* 182 Cal.App.2d 587, 593; *Singer* v. *Bogen, supra,* 147 Cal.App.2d 515, 524).

Under the established rule, the comments of defendant were made in the course of a judicial proceeding over which he had jurisdiction and to which the subject matter of his general inquiry was relevant. We pass only upon this limited issue, and not upon the decorum or prudence of the comments made.

The subjects first inquired into by the judge dealt generally with the timeliness and sufficiency of the affidavit of disqualification. If the affidavit were sufficient and timely, defendant had no jurisdiction to try the criminal action in which it was filed (Code Civ. Proc., § 170.6; *Calhoun* v. *Superior Court,* 51 Cal.2d 257 [331 P.2d 648]). It is clear, however, that someone must determine these factors (see *Johnson* v. *Superior Court,* 50 Cal.2d 693 [329 P.2d 5]), and there is no doubt that this determination may be made by the judge against whom the affidavit is filed, since he may

properly try the very issue as to which he is challenged if the affidavit is either insufficient or not timely (*Jacobs* v. *Superior Court*, 53 Cal.2d 187 [1 Cal.Rptr. 9, 347 P.2d 9]). That rule applies even to an affidavit purporting to allege facts charging actual bias. In such case, the challenged judge properly determines whether the facts alleged, if true, do constitute such bias (*Taliaferro* v. *Taliaferro*, 203 Cal.App.2d 642, 646 [21 Cal.Rptr. 864] ; *Mackie* v. *Dyer*, 154 Cal.App.2d 395 [316 P.2d 366]). The propriety of such inquiry in the case at bar is emphasized by plaintiff's statement at the outset of the proceeding, that he proposed to file "a more complete affidavit."

Plaintiff contends, however, that the portion of the proceeding dealing with the question of which defendants joined in the affidavit and motion to disqualify was clearly beyond any jurisdiction of the challenged judge. We cannot agree. The code section (Code Civ. Proc., § 170.6) provides that no more than one such motion to disqualify may be made by any one defendant in one action, thus making it appropriate to determine who joins in the first motion. The further provision that where there are several plaintiffs or defendants only one motion for each side may be made, presents a justiciable question whether the defendants have conflicting interests which might permit them severally to disqualify a judge (*Pappa* v. *Superior Court*, 54 Cal.2d 350 [5 Cal.Rptr. 703, 353 P.2d 311]). Here the motion appeared to be on behalf of all defendants. The affidavit asserted bias as to four of the ten defendants, but did not name the four. Plaintiff insisted, in the transcript before us, that disqualification was not sought by all defendants. Under these circumstances, we cannot say that inquiry by the judge as to which defendants joined in motion and affidavit was wholly beyond his jurisdiction, nor that his inference that further affidavits might be filed against judges subsequently assigned to the case was wholly unjustified.

Plaintiff argues that any such inquiry was solely for a judge against whom any such subsequent affidavit might be filed. But the inquiry as to who in fact was seeking to disqualify Judge Linn could, under normal circumstances, most expeditiously be made at the time the affidavit to disqualify him was filed, rather than in a subsequent proceeding. Concern for the time of the court as a whole could well indicate that the inquiry be made by defendant, and we cannot say that it was, as a matter of law, wholly beyond his jurisdiction.

We are not concerned with the propriety of the inquiry made, but only with the jurisdiction to inquire.

 Since defendant acted within the broad definition of jurisdiction, under which existence of the privilege is determined, his statements made in the exercise of that jurisdiction are absolutely privileged, and cannot form a basis for this action for damages.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 3, 1963.