[Civ. No. 27381.   Second Dist., Div. Four.   Nov. 26, 1963.]

CLARENCE H. JORDAN, Plaintiff and Appellant, v. CY H. LEMAIRE et al., Defendants and Respondents.

Thomas O. Nickoloff for Plaintiff and Appellant.

Frank C. Morales for Defendants and Respondents.

BURKE, P. J.—Plaintiff seeks damages from defendant and her attorneys for slander allegedly uttered during the course of a prior proceeding to quiet title to property. This appeal is from a judgment entered upon an order sustaining a general demurrer to plaintiff's complaint without leave to amend.

Clarence H. Jordan, plaintiff here, and his wife, had brought the quiet title action against Garnet Warnke, a defendant here. Warnke cross-complained alleging both resulting and constructive trusts with respect to the property, in that Jordan, with knowledge, had acquired title from Blanche A. Dickson (a sister of Warnke) and her husband,

who in turn were involuntary trustees for Warnke. The Dicksons were joined as cross-defendants. The judgment found the existence of the trusts, indicating Jordan was not a bona fide purchaser from Warnke's sister and had taken title subject to Warnke's equitable interest. Jordan appealed, with which we are not here concerned. During the trial of the quiet title action a third sister, Norma Edwards, who had no interest in the property, was called as a witness, and upon direct examination by defendant's counsel, also named as defendants here, the following testimony was elicited from her:

"Q. During that period of time did you have occasion to see Mr. Jordan?

"A. Yes, I saw him on several occasions in his office and on several occasions socially, I went on several rides with him.

"Q. You went on several rides with him?

"A. Yes, that is right.

"Q. Were these solely in regard to the legal problems involved?

"A. No, I wouldn't say so. We talked some of legal problems, then afterwards —

"Q. On these occasions did Mr. Jordan give you any gifts?

"A. He bought me a pair of shoes and purse at one time.

"Q. After 1948 when did you next see Mr. Jordan?

"A. Well, I saw him several times when we went for these rides and I had a few telephone conversations with him before my legal action was dropped. I don't believe I saw him then for several years."

Plaintiff here contends these questions and answers were wholly irrelevant and therefore constituted unprivileged and slanderous utterances.

In the quiet title action, plaintiff, as a witness on his own behalf, was questioned regarding his acquaintance with the allegedly defaming witness but the court refused to admit any further testimony on the subject and made the following statement:

"THE COURT: It hasn't any part in this case. I have represented lots of women and ridden with them from San Bernardino to Ontario and Ontario to Los Angeles and that didn't change the value of my services, and I don't think that this has any place in this testimony."

Plaintiff, in the present slander action, alleged in his complaint that defendant in the quiet title action and her attorneys conspired to commit slander; that the testimony quoted

was intended to cause the plaintiff in that action to be unduly prejudiced in the eyes of the court; that the inference from the utterances was intended to impute that plaintiff was an immoral person having no respect for matrimonial values; that as a direct and proximate result thereof plaintiff sustained loss of good name and reputation, illness, vertigo, temporary blindness, paralysis, deafness, excessive medical expenses and impairment of working capacity. Plaintiff asks for money damages in substantial amounts and punitive damages.

Defendants in this action interposed the defense of privilege as the basis of their general demurrer as accorded by the provisions of section 47, subdivision 2, of the Civil Code.[1]

Originally, Civil Code section 47, subdivision 2, read: "A privileged publication is one made . . . 2. In testifying as a witness in any proceeding authorized by law to a matter pertinent and material, . . ." In 1874 the section was amended to read as set forth in the footnote omitting the language of pertinency and materiality. This omission is construed by defendants as indicating the intent of the Legislature to make the privilege absolute whether or not the utterance be material or pertinent.

Appellant contends that the privilege extended by the code section is not absolute but conditional; that where absolute privilege is attempted to be invoked as a defense there is still the limitation of relevancy and pertinency to the issues involved.

In addition to claiming the privilege to be unconditional and absolute defendants assert that if the relevancy and pertinency test is still applicable it is apparent from the record the utterances in question were sufficiently related to the issues involved to be considered within the purview of any such rule.

Plaintiff contends that the trial court in the former action, having held the testimony of the plaintiff regarding his relationship with the sister to have been immaterial, found in effect that the sister's allegedly slanderous statements concerning such relationship were also irrelevant; that plaintiff, accordingly, is not precluded from suing thereon for defamation. This contention has no merit.

In its order sustaining the general demurrer the court

---

[1] "A privileged publication or broadcast is one made ... 2. In any (1) legislative or (2) judicial proceeding, or (3) in any other official proceeding authorized by law; . . ."

stated that its decision was based upon the reasoning in *Lewis* v. *Linn*, 209 Cal.App.2d 394 [26 Cal.Rptr. 6]. ██ At page 399, the court held:

"To be privileged, the defamatory matter need not 'be relevant or pertinent to any issue before the court,' but only 'have some reference to the judicial function which the judge is performing' (Rest., Torts, § 585, com. e). 'If there is the slightest color of jurisdiction, and if jurisdiction has been assumed,' the immunity applies (*id.*, com. f; see also *Bradley* v. *Fisher, supra,* 80 U.S. (13 Wall.) 335, 352-353 [20 L.Ed. 646, 651]). ██ The privilege is denied to any participant in legal proceedings only when the matter is 'so palpably irrelevant to the subject matter of the controversy that no reasonable man can doubt its irrelevancy and impropriety' (33 Am.Jur. 146-147). In applying the general rule of immunity of judicial officers in the conduct of judicial business, of which the privilege in defamation action is but a special application, the California courts favor a liberal construction of the scope of jurisdiction and relevancy (*Irwin* v. *Newby*, 102 Cal.App. 110, 114 [282 P. 810, 283 P. 370]; see also *Taliaferro* v. *County of Contra Costa, supra,* 182 Cal. App.2d 587, 593 [6 Cal.Rptr. 231]; *Singer* v. *Bogen, supra,* 147 Cal.App.2d 515, 524 [305 P.2d 893])."

We hold that the rule of *Lewis* v. *Linn, supra,* is applicable to the case at bench. The record indicates the subject testimony claimed to be slanderous was not "palpably irrelevant." The statements elicited from the witness might well have had some probative value and materiality on the issue of the bona fide nature of the purchase by plaintiff and the equities existing between the participant sisters and plaintiff.

The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.