[Civ. No. 24407. First Dist., Div. One. Mar. 25, 1969.]

STEWART SMITH et al., Plaintiffs and Appellants, v ROBERT E. HATCH et al., Defendants and Respondents.

John F. Harper and Frederick A. Cone for Plaintiffs and Appellants.

Robert E. Hatch, in pro. per., Robert N. Beechinor and David D. Nolan for Defendants and Respondents.

MOLINARI, P. J.—This is an appeal by plaintiffs from summary judgments entered in favor of defendants. Plaintiffs Stewart Smith, M. Maroni Smith and Thomas Tripiano filed a complaint for defamation. Defendants Robert E. Hatch, William P. Scott, Scott Co. and E. H. Morrill[1] each moved for summary judgment under section 437c of the Code of Civil Procedure. The trial court granted each of the motions on the ground that no triable issue of fact existed. Plaintiffs' principal contention on this appeal is that the motions should have been denied because the communications in question were not privileged.

### The Complaint

The amended complaint purports to set forth two causes of action based on two letters written by Hatch, an attorney. The letter which is the basis of the first cause of action was written on September 3, 1965 by Hatch to the Golden Gate Mechanical Contractors Association. The text of the letter is as follows:

"Papers furnished us under recent court discovery proceedings indicate to us that MCANC from Apr. 23, 1963 to May 26, 1965, in connection with the litigation against the national association, you and some of your members, paid to M. M. Smith and associate attorneys, the sum of $37,431.80 under the guise of fees and travelling expenses of attorneys.

"Combining this with the percentage (10%) so generously

---

[1] A motion to dismiss the appeal as to respondent E. H. Morrill was granted by this court.

contributed to Mr. Smith as 'administrator' of PIPT, there appears a total of approximately $90,000.00 fleeing the coffers within little more than two years.

"We already are on record in asserting to the court—and anticipate little difficulty in demonstrating—that the primary motivation of the litigation was to admit of such a grab of funds by the persons in control of MCANC.

"As to the PIPT payments, there really was nothing much that the administrator could do other than write three checks a month against the funds deposited by the Local # 88 Trustees, something any bank would be glad to do *gratis*.

"I feel safe in saying no court or jury will be able to find more than a vestige of morality or legality to these expenditures."[2]

In the first cause of action, plaintiffs allege that by writing and permitting the reading of this letter defendants intended to charge plaintiffs with "maintaining spurious and sham litigation and . . . with dishonesty . . . embezzlement of funds from a trust of which they were the trustees and attorney for the trustees." They further assert that the letter was false and not privileged.

The second cause of action is predicated upon a letter directed by Hatch on May 6, 1965 to the Honorable Joseph Karesh, Judge of the San Francisco Superior Court. The letter refers to pending litigation entitled "Scott v. Mach-Con No. 552200," a matter which defendant Hatch identified as an "Industry Promotion Trust case." In the first paragraph of the letter in question, defendant Hatch requests that "the hearing be continued." He then goes on to discuss the case and concludes the letter with the following two paragraphs: "Using *our* money to provide Stewart Smith with an idle life of luxury, to pay off the members of a dying association to not object to defendants' dishonesty and to subsidize sham litigation *against* us, is nobody's honest idea of 'industry promotion.' " [ ¶ ] "As it stands right now, the record would support an indictment of these defendants by the federal grand jury and that is exactly where the defendants have headed themselves. This court would do the defendants a favor to stop them right now."

In the second cause of action, plaintiffs allege that the last paragraph set out above "was not relevant or material to the proceedings nor to the request for continuance . . . nor was it

---

[2]MCANC refers to an organization known as Mechanical Contractors Association of Northern California.

reasonably related to the action." Plaintiffs charge that "said utterances were false, were not privileged, were said maliciously, . . . with the intent to directly injure plaintiffs in their occupation and means of livelihood and general reputation."[3]

### The Declarations

A review of the declarations in support of the motions for summary judgment and the counteraffidavits and counterdeclarations reveals that there is no true dispute as to the facts relating to the second cause of action. None of the parties dispute the fact that the letter was written, sent and received; and there is no argument as to the actual content of the correspondence. It is apparent that in regard to this cause of action the parties agree with the court that there is no triable issue of fact and the only question is whether or not the letter was absolutely privileged under the terms of Civil Code section 47[4] which provides in pertinent part: "A privileged publication or broadcast is one made— . . . in any judicial proceeding . . . ." It is settled that if no triable issue of fact is presented, and the sole question is one of law, the question of law may be determined on a motion for summary judgment. (*Wilson* v. *Wilson,* 54 Cal.2d 264, 269 [5 Cal.Rptr. 317, 352 P.2d 725]; *Jones-Hamilton Co.* v. *Franchise Tax Board,* 268 Cal.App.2d 343, 347 [73 Cal.Rptr. 896]; *Nelson* v. *United States Fire Ins. Co.,* 259 Cal.App.2d 248, 251 [66 Cal.Rptr. 115]; *Goldstein* v. *Hoffman,* 213 Cal.App.2d 803, 811 [29 Cal.Rptr. 334]; *Tibbs* v. *Smart & Final Iris Co.,* 152 Cal.App.2d 618, 623 [313 P.2d 636].)

Adverting to the first cause of action, we note that, according to the declarations of defendants, Hatch was the attorney for the Golden Gate Mechanical Contractors Association and attorney for defendant Scott and defendant Scott Co. at the time that the letter in question was written. We note further that defendant Scott was a director of the Golden Gate Mechan-

---

[3]From the record it is somewhat difficult to tell precisely how the letter refers to all of the plaintiffs. It mentions plaintiff Stewart Smith by name and also it calls for a carbon copy to be sent to plaintiff M. Maroni Smith. However, the letter makes no reference to plaintiff Tripiano and the record is simply not clear as to the status of plaintiffs in reference to the so-called "Industry Promotion Trust." In the amended complaint, plaintiffs Stewart Smith and Tripiano state that they were trustees of "certain industry trusts" and plaintiff M. Maroni Smith states that he is a duly licensed attorney. However, the exact relationship to the letter and the litigation is not clear.

[4]Unless otherwise indicated, all statutory references are to the Civil Code.

ical Contractors Association and received a copy of the letter and read it aloud to a meeting of the Mechanical Contractors Association of Northern California. In his declaration defendant Hatch stated that he did not know that the letter would be disseminated to the members of Golden Gate Mechanical Contractors Association but that it was a "logical and proper thing" for the association to do. He also declared that he did not know that defendant Scott or anyone else was going to meet with the other contractors' association or that the letter was to be read to such association. Defendant Scott declared that he had participated in efforts to settle differences and litigation between Golden Gate Mechanical Contractors Association and Mechanical Contractors Association of Northern California and that he read the letter as part of his efforts.

In reference to this first cause of action, plaintiffs claim that there was a triable issue of fact outstanding and that consequently the motions for summary judgment should not have been granted. However, plaintiffs do not make entirely clear precisely *what* triable issue is involved although they suggest that the question of whether or not defendant Hatch could foresee that the letter would be republished should have been tried by the court.[5] They rely on *Curley* v. *Vick,* 211 Cal.App.2d 670, 673 [27 Cal.Rptr. 501], where the court stated the rule that an author of a defamatory statement is liable for a republication, although he did not authorize or intend republication, if the republication was "reasonably foreseeable."

### Applicable Principles

■ Publications made in the course of a judicial proceeding are *absolutely* privileged under the provisions of subdivision 2 of section 47 (*Albertson* v. *Raboff,* 46 Cal.2d 375, 379 [295 P.2d 405]; *Gosewisch* v. *Doran,* 161 Cal. 511, 513-515 [119 P. 656, Ann. Cas. 1913D 442]) even though they are made with actual malice. (*Gosewisch* v. *Doran, supra.*) ■ The absolute privilege attaches to any publication that has any reasonable relation to the action and is permitted by law if made to achieve the objects of the litigation, "even though the publication is made outside the courtroom and no function of the court or its officers is invoked." (*Albertson* v. *Raboff, supra,* at p. 381.) Accordingly, "it is not limited to the pleadings, the oral or written evidence, to publications in open

---

[5]Plaintiffs also suggest that there was a triable issue of fact as to the responsibility of defendant Morrill for the publication of the letter. Since the appeal has been dismissed as to Morrill, this contention is moot.

court or in briefs or affidavits.'' (*Albertson* v. *Raboff, supra,* at p. 381.)

■ To be privileged under subdivision 2 of section 47 the defamatory matter need not be relevant, pertinent or material to any issue before the court, it only need have some connection or some relation to the judicial proceeding. (*Thornton* v. *Rhoden,* 245 Cal.App.2d 80, 90 [53 Cal.Rptr. 706] ;[6] *Jordan* v. *Lemaire,* 222 Cal.App.2d 622, 625 [35 Cal. Rptr. 337] ; *Lewis* v. *Linn,* 209 Cal.App.2d 394, 399 [26 Cal. Rptr. 6] ;[7] Restatement of Torts, §§ 585-589.)

■ Although section 47 refers to the ''publication'' made in a ''judicial proceeding,'' and does not list the *persons* who are absolutely privileged, the privilege therein provided has been extended to judges (*Lewis* v. *Linn, supra*), attorneys (*Jordan* v. *Lemaire, supra; Friedman* v. *Knecht,* 248 Cal.App. 2d 455 [56 Cal.Rptr. 540] ; *Thornton* v. *Rhoden, supra,* 245 Cal.App.2d 80), and to parties to private litigation (*Jordan* v. *Lemaire, supra;* and see *Albertson* v. *Raboff, supra,* 46 Cal.2d 375, 378-379). In *Thornton, supra,* the rule of the Restatement which lists judicial officers (§ 585), attorneys (§ 586), parties (§ 587),[8] witnesses (§ 588), and jurors (§ 589) as persons entitled to the absolute privilege in judicial proceedings is equated to the rule declared in subdivision 2 of section 47. (P. 90.)

## Application of Principles

### First Cause of Action

■ The letter which forms the subject of the first cause of

---

[6]The case carefully traces the history of Civil Code section 47 and discusses all the significant cases which have touched on the question of whether or not the allegedly defamatory statement must be relevant to the judicial controversy which invokes the privilege.

[7]In *Lewis* (p. 399) and *Jordan* (p. 625) we find the following language upon which plaintiffs place strong reliance: ''The privilege is denied to any participant in legal proceedings only when the matter is 'so palpably irrelevant to the subject matter of the controversy that no reasonable man can doubt its irrelevancy or impropriety.' [Citation.]'' This statement, which is stated in *Lewis* and quoted in *Jordan,* has obvious reference to irrelevancy in the sense of ''no relation'' or connection with the judicial proceeding, and not in its technical sense. (See *Thornton* v. *Rhoden, supra,* 245 Cal.App.2d 80, 87, 90.) Moreover, in *Lewis,* it is stated: ''We doubt that the California rule requires relevancy and materiality, in any strict sense, as a condition to application of the absolute privilege of section 47, subdivision 2.'' (P. 399.)

[8]Section 587 of the Restatement of Torts reads in pertinent part: ''A party to a private litigation . . . is absolutely privileged to publish false and defamatory matter of another in communications preliminary to a proposed judicial proceeding, or in the institution of or during the course and as a part of a judicial proceeding in which he participates, if the matter has some relation thereto.''

action, although not directed to the court nor a part of any official court record, is protected by absolute privilege in the light of the foregoing authorities. The record discloses that litigation was pending between Golden Gate Mechanical Contractors Association and Mechanical Contractors Association of Northern California, and the alleged defamatory matter contained in the letter had some connection and some relation to the judicial proceeding involving that litigation. Accordingly, not only was the publication of the letter by Hatch absolutely privileged because of his position as the attorney for Golden Gate, but its subsequent publication by Scott, as a member of the board of Golden Gate, was also absolutely privileged.

We note, moreover, that even if the subject letter is not protected by the absolute privilege applicable to judicial proceedings, the first cause of action is subject to the qualified privilege provided for in section 47 which provides, in pertinent part, that "A privileged publication . . . is one made— . . . 3. In a communication, without malice, to a person interested therein, . . . by one who is also interested, . . ." In the instant case Hatch, Scott and Mechanical Contractors Association of Northern California were all "interested" in the subject matter of the communication in question. (See *McMann* v. *Wadler*, 189 Cal.App.2d 124, 129 [11 Cal.Rptr. 37]; *Di Giorgio Fruit Corp.* v. *AFL-CIO*, 215 Cal.App.2d 560, 569 [30 Cal.Rptr. 350].) The remaining question, then, is whether the communication was without malice. (*Hale Co.* v. *Lea*, 191 Cal. 202, 205 [215 P. 900]; *McMann* v. *Wadler*, *supra*; *Di Giorgio Fruit Corp.* v. *AFL-CIO*, *supra*.)

Since the qualified privilege creates a presumption that the communication is made innocently and without malice (*Jones* v. *Express Publishing Co.*, 87 Cal.App. 246, 256 [262 P. 78]; *Lesperance* v. *North American Aviation, Inc.*, 217 Cal. App.2d 336, 341 [31 Cal.Rptr. 873]), the pleadings must contain affirmative allegations of malice in fact, and malice must exist as a fact in order to destroy the privilege. (*Lesperance* v. *North American Aviation, Inc.*, *supra*; *Locke* v. *Mitchell*, 7 Cal.2d 599, 602 [61 P.2d 922]; *Larrick* v. *Gilloon*, 176 Cal. App.2d 408, 416 [1 Cal.Rptr. 360]; *McMann* v. *Wadler*, *supra*.) Such facts must establish that the person speaking the defamatory words entertained toward the person defamed a feeling of hatred or ill will going beyond that which the occasion for the communication apparently justified and different from that motive which prima facie rendered the communica-

tion privileged. (*DeMott* v. *Amalgamated Meat Cutters*, 157 Cal.App.2d 13, 27 [320 P.2d 50]; *Everett* v. *California Teachers Assn.*, 208 Cal.App.2d 291, 294-295 [25 Cal.Rptr. 120]; *Lesperance* v. *North American Aviation, Inc., supra,* at pp. 341-342.) In the present case neither the declarations against, nor those in support of, the motion for summary judgment state facts which support the existence of malice. Consequently, the qualified as well as the absolute privilege applies to the letter on which the first cause of action is based.

Our conclusion that the letter was privileged makes it unnecessary for us to consider the claim that there is a triable issue of fact concerning knowledge or reasonable foreseeability on the part of Hatch that the letter would be republished.

## Second Cause of Action

Plaintiffs recognize and concede that the request for a continuance in the letter which forms the basis of the second cause of action is in itself a privileged publication in a judicial proceeding. However, they ground their appeal on the theory that the defamatory portion of the letter was not relevant to the proceedings or to the request for a continuance. Plaintiffs rely most strongly on *Wyatt* v. *Buell,* 47 Cal. 624. In that case the defendant in a libel action had petitioned for extension of time to prepare and arrange a transcript because he had suffered an accident. He went on to accuse his attorney of collusion with the plaintiff's attorney. On appeal the defendant claimed the document was a privileged communication but the court held "All this was wholly foreign to the application for an extension of time, and under no recognized rule can be treated as privileged." (*Supra,* at p. 625.)

The *Wyatt* case, decided in January 1874, dealt with a publication which took place in 1870 prior to the enactment of section 47, subdivision 2, in 1872. When first enacted the section extended the privilege as follows: "In testifying as a witness in any proceeding authorized by law to a matter pertinent and material, or in reply to a question allowed by the tribunal." The subdivision was amended in 1873-74 to provide that the privilege applied "in any legislative or judicial proceeding . . . authorized by law." Accordingly, the privilege was thus extended to persons other than witnesses and all references to materiality and pertinency were eliminated. (See *Thornton* v. *Rhoden, supra,* 245 Cal.App.2d 80, 87.) In *Gosewisch* v. *Doran, supra,* 161 Cal. 511, 514, the Supreme Court noted that *Wyatt* applied a "relevancy" limitation to the privilege and observed that in *Hollis* v. *Meux,* 69 Cal. 625,

629-630 [11 P. 248, 58 Am.Rep. 574], the court noted the possibility that the Legislature intended to change the rule of *Wyatt* by the 1873-74 amendment to section 47, subdivision 2.

As already pointed out, the rule of relevancy, materiality or pertinency, in the technical sense, is not the test in California today. Rather, the test is, as stated in *Thornton, supra,* as follows : "does the utterance have 'some relation' to the judicial proceeding ?" (245 Cal.App.2d at p. 90.) Applying this test to the facts of the present case, and keeping in mind the principle of *Thornton* that in cases of this type all doubts are to be resolved in favor of the privilege (p. 93), we are satisfied that the subject letter is absolutely privileged under section 47. Although the letter sought a continuance of judicial proceedings before the court, all the other parts of the letter were also concerned with the litigation in question; that is, they bore "some relation" to the subject matter of the judicial controversy. The letter refers to "Scott v. Mech-Con No. 552200."

The proceedings in action No. 552200 in the San Francisco Superior Court, and particularly the matters therein pending before Judge Karesh at the time the subject letter was addressed to him, are matters which *may* be judicially noticed. (Evid. Code, § 452, subd. (d) ; *Flores* v. *Arroyo,* 56 Cal.2d 492, 496 [15 Cal.Rptr. 87, 364 P.2d 263].) Court records may not be judicially noticed, however, unless a party requests that such notice be taken, furnishes the court with sufficient information to enable it to take judicial notice, and gives each adverse party sufficient notice of the request to prepare to meet it. (Evid. Code, § 453.) The record in the instant case does not disclose whether Judge Arnold, who heard the instant motions, took judicial notice of action No. 552200, or of any of the proceedings therein, or whether Evidence Code section 453 was complied with. However, since section 459 of the Evidence Code provides that the reviewing court may take judicial notice of any matter specified in section 452, we elected to invoke section 459 and the procedure provided in subdivision (c) of that section and section 455 which are applicable if the matter was not theretofore judicially noticed in the action. Accordingly, we afforded each party a reasonable opportunity to present to us information relevant to the propriety of taking judicial notice of action No. 552200, and we afforded each party a reasonable opportunity to meet such information. The parties thereupon stipulated in writing that we should take judicial notice of all the

papers, records, and documents in action No. 552200. Accordingly, we took judicial notice of the proceedings in action No. 552200 which were pending before Judge Karesh at the time Hatch directed the subject letter to him.

The proceedings we judicially noticed indicate that an order to show cause pendente lite had been issued upon the affidavit of Scott Co. of California, represented by Hatch, directing plaintiffs in the instant case and the Mechanical Contractors Association of Northern California to appear on May 5, 1965 to show cause why they should not be enjoined from acting as trustee, officers, agents or representatives of certain designated plumbing and piping industry promotion trusts, from collecting, receiving, or paying out monies in connection with said trusts or funds, or why a receiver of said trusts or funds should not be appointed. The letter in question, dated May 6, 1965, requests a continuance of the hearing until the following Monday on the basis that, since the court had continued the hearing from May 5 to May 7, Hatch desired ''an opportunity to examine whatever defendants do file tomorrow.'' The letter proceeded to argue the merits of the case and then concluded with the two paragraphs alleged to be defamatory. The ''Order of Court'' made on May 11, 1965, discloses that the matter came on for hearing on May 7 and that no one appeared on behalf of the moving party. The order recites that the court had read the declarations in support of and in opposition to the motion and ''a letter from Mr. Robert E. Hatch, attorney for moving party, requesting a continuance until May 10, 1965, . . .'' It then denied the request for a continuance and the motion for a temporary restraining order. Under the circumstances there can be no question that the subject letter has ''some relation'' to the judicial proceeding encompassed in action No. 552200.

In *Friedman* v. *Knecht, supra,* 248 Cal.App.2d 455, the reviewing court noted that ''The privilege of section 47, subdivision 2 of the Civil Code . . . is based on the desire of the law to protect attorneys in their primary function—the representation of a client. . . .'' (P. 462.) And the *Friedman* court also made a pertinent and valuable observation when it pointed out that ''in all but an infinitesimal number of cases'' attorneys who make false statements shielded by the privilege can be sanctioned through disciplinary channels or by way of contempt proceedings. (P. 462.)

The judgments are affirmed.

Sims, J., and Elkington, J., concurred.