[Civ. No. 28345. First Dist., Div. Two. Jan. 14, 1972.]

RICHARD E. RADER, Plaintiff and Appellant, v.
ELBRIDGE WELDON THRASHER et al., Defendants and Respondents.

## COUNSEL

Richard E. Rader, in pro. per., for Plaintiff and Appellant.

C. Dan Lange, in pro. per., for Defendants and Respondents.

## OPINION

**TAYLOR, P. J.**—This is an appeal by plaintiff, Richard Rader, from a judgment granting the motion of defendants, Thrasher and Lange, for a summary judgment (Code Civ. Proc., § 437c) in Rader's action for defamamation on grounds of absolute privilege (Civ. Code, § 47, subd. 2). Rader contends that the motion should have been denied as: 1) the statements were not privileged as they were not reasonably related to the judicial proceedings; 2) there were triable issues of fact; and 3) the declaration of Lange was not in proper form to qualify as an affidavit.

The first cause of action of Rader's complaint filed on June 25, 1969, alleged that on May 5, 1969, in San Francisco, Thrasher publicly made a slanderous statement accusing Rader, his former attorney, of blackmail by the use of confidential information. At the hearing in the instant matter, the trial court took judicial notice of the fact that this statement (also realleged as paragraph 8 of the second cause of action) was made by Thrasher during the taking of his deposition by Rader in the divorce action (Santa Clara County, No. 170,532), in which Rader represented

Thrasher's former wife, Frances. When questioned about the nature of the blackmail attempts, Thrasher stated that from the excessive demand for attorney's fees in the divorce action, he had surmised blackmail on the basis of Rader's confidential knowledge as an attorney.

The second cause of action accused Thrasher and Lange of conspiring to defame Rader and quoted seven separate statements made by Thrasher between August 1, 1966, and March 13, 1969, accusing Rader of breaches of his fiduciary duties arising out of his previous employment as Thrasher's attorney, as well as realleging the above statement that is the basis of the first cause of action.

The record indicates that each of the written statements set forth in paragraphs one through seven of the second cause of action was made in a pleading in two of the many proceedings that resulted from the divorce of the Thrashers (Santa Clara County, No. 170,532, the divorce,[1] or Mendocino County, No. 28,635,[2] the shareholder action concerning Elk Cove Lumber Company). These actions are hereafter respectively referred to as the Santa Clara action and Mendocino action. In each of the above proceedings and appeals,[3] as well as the many other ancillary proceedings[4] between the Thrashers related to their divorce and division of property, Lange represented Thrasher and Rader, Frances.

As to the second cause of action, the record indicates that: the statement set forth in paragraph 1 was made in opposition to the motion for attorney's fees and costs and alimony on appeal; the statements in paragraphs 2 and 3 were made respectively in the declarations in support of the motion for an order requiring security in the Mendocino County action, and had reference to the litigation that culminated in *Rader* v. *Thrasher,* 57 Cal.2d 244 [18 Cal.Rptr. 736, 368 P.2d 360]; the statements in paragraphs 4 and 5 were made in Thrasher's declarations in support of his 1967 motion to

---

[1]Currently pending on appeal to this court, No. 30051. In a prior appeal from the property division portion of the interlocutory decree, this court, in an unpublished opinion (No. 24154) revised the lower court's finding that the two lumber companies and certain other property were the separate property of Mr. Thrasher, and directed a tracing of the funds used to acquire these assets.

[2]Currently pending on appeal to this court, No. 28848.

[3]The records of this court indicate the following proceedings related to the pending appeals mentioned above: Nos. 27456, 27511 and 28639.

[4]The record before us indicates the existence of: Santa Clara No. 172,169 concerning partition of joint tenancy property; Humboldt No. 46821 to set aside a deed of trust disposing of one of the lumber companies; Mendocino County No. 28,641 concerning dissolution of the lumber companies, and another Mendocino action to annul Mr. Thrasher's second marriage.

terminate alimony in the Santa Clara action; in paragraph 6, in a further declaration in support of the order requiring security in the Mendocino action; and in paragraph 7, in Thrasher's declaration in support of his 1969 motion to terminate alimony in the Santa Clara action.

Civil Code section 47, subdivision 2, provides, so far as pertinent: "A privileged publication or broadcast is one made——

" . . . . . . . . . . . . . . . . . . .

"2. In any (1) legislative or (2) judicial proceeding, or (3) in any other official proceeding authorized by law; provided, that an allegation or averment contained in any pleading or affidavit filed in an action for divorce or an action prosecuted under Section 137 of this code made of or concerning a person by or against whom no affirmative relief is prayed in such action shall not be a privileged publication or broadcast as to the person making said allegation or averment within the meaning of this section unless such pleading be verified or affidavit sworn to, and be made without malice, by one having reasonable and probable cause for believing the truth of such allegation or averment and unless such allegation or averment be material and relevant to the issues in such action."

 If no triable issue of fact is presented and the sole question is one of law, the question of law may be determined on a motion for summary judgment (*Smith* v. *Hatch*, 271 Cal.App.2d 39, 44 [76 Cal.Rptr. 350]). The applicable law was recently summarized by this court (Division One) in *Smith* v. *Hatch, supra,* at pages 45 and 46: "Publications made in the course of a judicial proceeding are *absolutely* privileged under the provisions of subdivision 2 of section 47 (*Albertson* v. *Raboff,* 46 Cal.2d 375, 379 [295 P.2d 405]; *Gosewisch* v. *Doran,* 161 Cal. 511, 513-515 [119 P. 656, Ann.Cas. 1913D 442]) even though they are made with actual malice. (*Gosewisch* v. *Doran, supra.*) The absolute privilege attaches to any publication that has any reasonable relation to the action and is permitted by law if made to achieve the objects of the litigation, 'even though the publication is made outside the courtroom and no function of the court or its officers is invoked.' (*Albertson* v. *Raboff, supra,* at p. 381.) Accordingly, 'it is not limited to the pleadings, the oral or written evidence, to publications in open court or in briefs or affidavits.' (*Albertson* v. *Raboff, supra,* at p. 381.)

 "To be privileged under subdivision 2 of section 47 the defamatory matter need not be relevant, pertinent or material to any issue before the court, it only need have some connection or some relation to the judicial proceeding. (*Thornton* v. *Rhoden,* 245 Cal.App.2d 80, 90 [53 Cal.Rptr.

706]; *Jordan* v. *Lemaire,* 222 Cal.App.2d 622, 625 [35 Cal.Rptr. 337]; *Lewis* v. *Linn,* 209 Cal.App.2d 394, 399 [26 Cal.Rptr. 6]; Rest., Torts, §§ 585-589.)

■ "Although section 47 refers to the 'publication' made in a 'judicial proceeding,' and does not list the *persons* who are absolutely privileged, the privilege therein provided has been extended to judges (*Lewis* v. *Linn, supra*), attorneys (*Jordan* v. *Lemaire, supra; Friedman* v. *Knecht,* 248 Cal.App.2d 455 [56 Cal.Rptr. 540]; *Thornton* v. *Rhoden, supra,* 245 Cal.App.2d 80), and to parties to private litigation (*Jordan* v. *Lemaire, supra;* and see *Albertson* v. *Raboff, supra,* 46 Cal.2d 375, 378-379). In *Thornton, supra,* the rule of the Restatement which lists judicial officers (§ 585), attorneys (§ 586), parties (§ 587), witnesses (§ 588), and jurors (§ 589) as persons entitled to the absolute privilege in judicial proceedings is equated to the rule declared in subdivision 2 of section 47. (P. 90.)"

■ The leading case of *Thornton* v. *Rhoden, supra,* at page 89, clearly indicates that the statute is broadly construed pursuant to the Restatement of Torts, despite the proviso related to divorce actions added in 1927.

■ Applying the above principles to the instant situation, we conclude that the trial court properly ruled that all of the statements were the subject of the absolute privilege afforded to judicial proceedings. We note the adversary positions of Rader and Lange over a number of years in the representation of their respective clients in the many proceedings related to the Thrasher divorce, and that the statements set forth in paragraphs 2, 3, and 6 of the second cause of action referred to the contingent fee contract which was the subject of *Rader* v. *Thrasher,* 57 Cal.2d 244 [18 Cal.Rptr. 736, 368 P.2d 360]. The exception included in the 1927 amendment to Civil Code section 47, subdivision 2, relating to divorce actions, is clearly not applicable here as plaintiff Rader was not only seeking affirmative relief for his client in the various actions involved, but indirectly for himself as well in the form of attorney's fees.[5]

---

[5]At the oral argument, Rader asserted that *Meadow* v. *Superior Court,* 59 Cal.2d 610 [30 Cal.Rptr. 824, 381 P.2d 648], and *Diowchi* v. *Superior Court,* 216 Cal.App. 2d 525 [31 Cal.Rptr. 214], indicate that as to the attorney's fees, he was not seeking affirmative relief for himself. *Meadow* and *Diowchi,* however, only go to the procedural point that the application for attorney's fees, pursuant to Civil Code section 137.5, must be made in the name of the wife and not the attorney, whose right thereto is derivative. We do not consider these cases apposite to a reasonable interpretation of section 47 of the Civil Code. The exception noted in subdivision 2 thereof relates to one who has no affirmative interest in the outcome of the litigation (*Rutherford* v. *Johnson,* 250 Cal.App.2d 316 [58 Cal.Rptr. 546]).

Rader, however, insists that the statements set forth in paragraphs 1, 4, 5, 7 and 8 of the second cause of action (made in the Santa Clara divorce proceeding) had "no connection" to the particular alimony reduction or termination proceedings. Citing *Dean* v. *Dean,* 59 Cal.2d 655 [31 Cal.Rptr. 64, 381 P.2d 944], *Double* v. *Double,* 248 Cal.App.2d 650 [56 Cal.Rptr. 687], and *Friedman* v. *Friedman,* 222 Cal.App.2d 217 [35 Cal.Rptr. 111], Rader maintains that only financial circumstances of the parties are relevant in relation to the termination or reduction of alimony. We do not think that the term "judicial proceedings" requires such a narrow construction in view of the many years of the litigation between the Thrashers conducted by the same attorneys. The record indicates that besides termination of alimony, the conduct of the parties with respect to the properties in dispute was also the subject of the proceedings. We hold that under the circumstances, all of the statements had "some relation" to the protracted and complex judicial proceedings related to the Thrasher divorce and property division.

Rader's assertions that there were triable issues of fact are all based on the erroneous assumption that malice is a factor. ■ With the single inapplicable exception noted in section 47, subdivision 2, of the Civil Code, publications made in the course of judicial proceedings are absolutely privileged, even though made with malice (*Smith* v. *Hatch, supra*).

Finally, Rader maintains that the trial court abused its discretion in granting the motion for summary judgment as the declaration of Lange and the attached documents were not in the proper form of an affidavit. ■ He maintains that Lange's declaration failed to state that it was executed within the State of California (Code Civ. Proc., § 2015.5) and was based on the personal knowledge of a declarant who was competent to testify thereto at trial (Code Civ. Proc., § 437c). The contention based on Code of Civil Procedure section 2015.5 was waived and cannot be raised for the first time on appeal (*Fuller* v. *Goodyear Tire & Rubber Co.,* 7 Cal.App.3d 690, 693 [86 Cal.Rptr. 705]). In any event, Lange's declaration referred to the attached copies of pleadings in the various proceedings, all properly sworn and executed. ■ On a motion for summary judgment, a court may properly take judicial notice of matters that are the subject of records in other proceedings where adequately referred to in the affidavits (*Thomson* v. *Honer,* 179 Cal.App.2d 197 [3 Cal.Rptr. 791]). Under such circumstances, personal knowledge of the

affiant is immaterial (*Newport* v. *City of Los Angeles,* 184 Cal.App.2d 229 [7 Cal.Rptr. 497]). The trial court did not abuse its discretion here.

The judgment is affirmed.

Kane, J., and Rouse, J., concurred.

A petition for a rehearing was denied February 11, 1972, and appellant's petition for a hearing by the Supreme Court was denied March 8, 1972. Mosk, J., was of the opinion that the petition should be granted.