[Civ. No. 56402. Second Dist., Div. Two. Dec. 17, 1979.]

JOHN PORTMAN et al., Plaintiffs and Appellants, v.
GEORGE McDONALD LAW CORPORATION et al.,
Defendants and Respondents.

**COUNSEL**

Coulter, Vernoff & Brewer and Wallace R. Vernoff for Plaintiffs and Appellants.

Breidenbach, Swainston, Yokaitis & Crispo and W. R. Rylaarsdam for Defendants and Respondents.

**OPINION**

**ROTH, P. J.—■** In an earlier but related action to that which is the subject of this appeal, respondents were attorneys of record for an insurance corporation which suffered a money judgment against it in appellants' favor for some $12,000. When the corporation appealed in that matter, respondents sought to avoid the filing of an undertaking to stay enforcement on behalf of their clients (Code Civ. Proc., § 917.1) and in that connection advised appellants' counsel both orally and by letter that the corporation was "financially as sound as a dollar." After that advice, which was accepted by its recipients, proved inaccurate and it was discovered the company was in fact insolvent at the time the assurance was rendered and was later placed in receivership, appellants brought the present suit based on negligent misrepresentation. Respondents' motion for judgment on the pleadings therein was granted

December 13, 1978, concededly on the basis of the privilege accorded by Civil Code section 47, subdivision 2.[1] This appeal followed. Though expressed in somewhat differing manners by the parties, the only issue before us is whether as a matter of law the trial court's determination was correct. We hold that it was.

The policy considerations which provide support for the privilege referred to (see fn. 1) and which were first expressed in *Albertson* v. *Raboff* (1956) 46 Cal.2d 375, 382 [295 P.2d 405], and later summarized in *Kachig* v. *Boothe* (1971) 22 Cal.App.3d 626 [99 Cal.Rptr. 393], namely that: "Underlying the recognition of this privilege is the important public policy of affording the utmost freedom of access to the courts. (See *Albertson* v. *Raboff, supra,* 46 Cal.2d at p. 380; Prosser, Law of Torts (3d ed.) p. 797.) The privilege is accorded not only to parties but to witnesses, even where their testimony is allegedly perjured and malicious. (See *Agostini* v. *Strycula, supra,* 231 Cal.App.2d at p. 808; Prosser, Law of Torts, *supra.*) 'The resulting lack of any really effective civil remedy against perjurers is simply part of the price that is paid for witnesses who are free from intimidation by the possibility of civil liability for what they say.' (Prosser, Law of Torts (3d ed.) *supra,* p. 797.)" (*Id.,* at p. 641.) have often found exposition in other reported decisions (see e.g., *Brody* v. *Montalbano* (1978) 87 Cal.App.3d 725 [151 Cal.Rptr. 206]; *Twyford* v. *Twyford* (1976) 63 Cal.App.3d 916 [134 Cal.Rptr. 145]; *Lerette* v. *Dean Witter Organization, Inc.* (1976) 60 Cal.App.3d 573 [131 Cal.Rptr. 592]; *Frisk* v. *Merrihew* (1974) 42 Cal.App.3d 319 [116 Cal.Rptr. 781, 85 A.L.R.3d 1128]; *Younger* v. *Solomon* (1974) 38 Cal.App.3d 289 [113 Cal.Rptr. 113]; *Bradley* v. *Hartford Acc. & Indem. Co.* (1973) 30 Cal.App.3d 818 [106 Cal.Rptr. 718]; *Pettitt* v. *Levy* (1972) 28 Cal.App.3d 484 [104 Cal.Rptr. 650]; *Ascherman* v. *Natanson* (1972) 23 Cal.App.3d 861 [100 Cal.Rptr. 656]; *Rader* v. *Thrasher* (1972) 22 Cal.App.3d 883 [99 Cal.Rptr. 670]; *Thornton* v. *Rhoden* (1966) 245 Cal.App.2d 80 [53 Cal.Rptr. 706, 23 A.L.R.3d 1152]), and while in our view not every such decision is understandable as strictly adhering to those considerations (see *Umansky* v. *Urquhart* (1978) 84 Cal.App.3d 368 [148 Cal.Rptr. 547]; *Kinnamon* v. *Staitman & Snyder* (1977) 66 Cal.App.3d 893 [136 Cal.Rptr. 321]), there yet emerges as a sufficiently clear distillation of principles associ-

---

[1]"A privileged publication or broadcast is one made—

". . . . . . . . . . . . . . . . . . . .

"2. In any (1) legislative or (2) judicial proceeding or (3) in any other official proceeding authorized by law; . . . ."

ated with any inquiry into the scope of the privilege the conclusion that: "[the] absolute privilege in judicial proceedings is afforded only if the following conditions have been met: the publication (1) was made in a judicial proceeding; (2) had some connection or logical relation to the action; (3) was made to achieve the objects of the litigation; and (4) involved litigants or other participants authorized by law." (*Bradley* v. *Hartford Acc. & Indem. Co., supra,* 30 Cal.App.3d 818, 825.)

Appellants in accepting this formulation of criteria at the same time urge the facts present fail to satisfy it. That is to say, it is suggested the alleged mispresentation was not a "publication," was not made in a judicial proceeding, had no connection or logical relation to the action with which it was associated and was not made to achieve the objects of that litigation.

The first and second of these contentions we reject summarily; on the one hand because the privilege, having been over time extended beyond its initial application in defamation actions only, (see *Pettitt* v. *Levy, supra,* 28 Cal.App.3d 484, 489), it cannot in any reasonable sense be maintained the publication spoken of in the statute is confined to the type meeting the requirements associated with libel or slander, and, on the other hand, because the notion the posting of appeal bonds is administrative in character and therefore falls without the statute's ambit is as to the one specious and as to the other inaccurate. (See *Brody* v. *Montalbano, supra,* 87 Cal.App.3d 725, 732; *Tiedemann* v. *Superior Court* (1978) 83 Cal.App.3d 918, 924-925 [148 Cal.Rptr. 242].)

Respecting the latter contentions, appellants, in effect, would have us accept an analysis which views the total substance of the prior litigation to have been confined to the single question whether the insurance company defendant was liable upon the allegations of the complaint, such that the interim statutory procedure which prevents execution on the judgment obtained pending appeal should be seen as having no relation to or connection with the action itself and as not having been avoided in order to achieve any object of the litigation. Apart from the fact we find that suggestion untenable generally, in view of the authorities herein cited, it is likewise at odds with those judicial expressions which have observed, correctly we think, that: "In order to partake of the absolute privilege a publication need not be pertinent, relevant or material in a technical sense to any issue in the action; it need only have some connection or relation to the proceedings. (*Thornton* v. *Rhoden, supra,* 245

Cal.App.2d 80, 90; *Ascherman* v. *Natanson, supra,* 23 Cal.App.3d 861, 865; *Pettitt* v. *Levy, supra,* 28 Cal.App.3d 484, 489.)" (*Brody* v. *Montalbano, supra,* 87 Cal.App.3d 725, 734.)

The judgment appealed from is affirmed.

Compton, J., and Beach, J., concurred.