181 Cal.App.3d 437 (1986)
226 Cal. Rptr. 192
PROFILE STRUCTURES, INC., Plaintiff and Appellant,
v.
LONG BEACH BUILDING MATERIAL COMPANY, Defendant and Respondent.
Docket No. B015945.
Court of Appeals of California, Second District, Division Seven.
May 14, 1986.
*440 COUNSEL
Edward Firestone for Plaintiff and Appellant.
Stradling, Yocca, Carlson & Rauth, Richard C. Goodman and Nancy Rader Whitehead for Defendant and Respondent.
OPINION
LILLIE, P.J.
Plaintiff, Profile Structures, Inc. (Profile), appeals from judgment dismissing its action for damages for abuse of process entered after the demurrer of defendant, Long Beach Building Material Company (LBBMC), to the complaint was sustained without leave to amend.

FACTUAL AND PROCEDURAL BACKGROUND
The complaint included the following allegations: In an action commenced by LBBMC against Profile, LBBMC obtained a temporary protective order (Code Civ. Proc., § 486.010 et seq.) for $54,704.32 in lieu of an ex parte right-to-attach order. LBBMC did not personally serve Profile with a copy of the protective order as required by law but instead misused the process by willfully and wrongfully serving copies of the order on Lloyds Bank of California (bank) and the University of California at San Diego (university). Pursuant to such service the bank withheld from Profile the sum of $54,704.32 in its account with the bank and the university withheld the sum of $23,451 due Profile under its contract with the university. The total of Profile's assets withheld as a result of LBBMC's conduct was $78,155.32, whereas the protective order covered but $54,704.32. A temporary protective order is personal to the defendant against whom it is issued; it does not attach his funds or assets in the hands of third persons. LBBMC knew, or should have known, that service of the temporary protective order on the bank and the university had no legal effect; such entities were served solely to make them believe that they had a duty to withhold funds of Profile in their hands. LBBMC's ulterior motive in so misusing the temporary protective *441 order was to coerce Profile into paying LBBMC the full amount of the damages sought in its complaint although LBBMC knew that Profile was liable for less than that amount. As a proximate result of the wrongful acts of LBBMC, Profile was deprived of the sum of $78,155.32 together with interest thereon which, at the date of expiration of the temporary protective order, will amount to $868.40.[1]
Defendant demurred generally to the complaint on the ground that its service of the temporary protective order on the bank and the university was a publication made in a judicial proceeding and, as such, was absolutely privileged (Civ. Code, § 47, subd. 2). The demurrer was sustained without leave to amend and the action dismissed. This appeal followed.

DISCUSSION

I
(1a) Under Civil Code section 47, subdivision 2,[2] a publication made in a judicial proceeding is absolutely privileged (Albertson v. Raboff (1956) 46 Cal.2d 375, 379 [295 P.2d 405]), i.e., the privilege attaches even though the publication was made with actual malice or with intent to do harm. (Younger v. Solomon (1974) 38 Cal. App.3d 289, 300 [113 Cal. Rptr. 113]; Rader v. Thrasher (1972) 22 Cal. App.3d 883, 887 [99 Cal. Rptr. 670].) The privilege created by section 47, though part of the statutory law dealing with defamation, has been applied by case law to defeat a variety of tort actions, including abuse of process. (Rosenthal v. Irell & Manella (1982) 135 Cal. App.3d 121, 125 [185 Cal. Rptr. 92]; Umansky v. Urquhart (1978) 84 Cal. App.3d 368, 371 [148 Cal. Rptr. 547]; Younger v. Solomon, supra, 38 Cal. App.3d at p. 300.) Accordingly, if the complaint herein shows on its face that the privilege is applicable, the demurrer was properly sustained. (See Code Civ. Proc., § 430.30, subd. (a); SKF Farms v. Superior Court (1984) 153 Cal. App.3d 902, 905 [200 Cal. Rptr. 497]; Garton v. Title Ins. & Trust Co. (1980) 106 Cal. App.3d 365, 375 [165 Cal. Rptr. 449].)
The absolute privilege attaches if all of the following conditions are met: the publication (1) was made in a judicial proceeding; (2) had some connection or logical relation to the action; (3) was made to achieve the objects of the litigation; and (4) involved litigants or other participants authorized *442 by law. (Costa v. Superior Court (1984) 157 Cal. App.3d 673, 677 [204 Cal. Rptr. 1]; Brody v. Montalbano (1978) 87 Cal. App.3d 725, 733 [151 Cal. Rptr. 206]; Bradley v. Hartford Acc. & Indem. Co. (1973) 30 Cal. App.3d 818, 825 [106 Cal. Rptr. 718].) Once such conditions are shown to exist the privilege applies "even though the publication is made outside the courtroom and no function of the court or its officers is invoked.... [I]t is not limited to the pleadings, the oral or written evidence, to publications in open court or in briefs or affidavits." (Albertson v. Raboff, supra, 46 Cal.2d 375, 381.)
(2a) Citing Code of Civil Procedure sections 486.050 and 486.080,[3] appellant contends the second and third conditions for application of the privilege are not met because respondent's publication of the temporary protective order by service on the bank and the university had no logical relation to the action and was not made to achieve the objects of the litigation. Specifically, appellant argues that under such statutes respondent had no right to specify which of appellant's assets were to be retained under the provisions of the temporary protective order; appellant alone had the right to select which of its assets to hold in satisfaction of the order. Accordingly, respondent's publication of the order to the bank and the university "could not be pertinent or have any reasonable relation to the action" (italics omitted); further, such publication "could not possibly have achieved the objects of the litigation  the holding of assets until a right to attach order could issue."
Appellant takes too narrow a view of the conditions necessary for application of the privilege. (1b) "The publication need not be pertinent, relevant or material in a technical sense to any issue if it has some connection or relation to the proceedings." (Pettitt v. Levy (1972) 28 Cal. App.3d 484, 489 [104 Cal. Rptr. 650]. See also Ascherman v. Natanson (1972) 23 Cal. App.3d 861, 865 [100 Cal. Rptr. 656]; Thornton v. Rhoden (1966) 245 Cal. App.2d 80, 90 [53 Cal. Rptr. 706, 23 A.L.R.3d 1152].) Any doubt as to whether such relationship or connection existed must be resolved in favor of a finding of privilege. (Costa v. Superior Court, supra, 157 Cal. App.3d 673, 678; Izzi v. Rellas (1980) 104 Cal. App.3d 254, 263 [163 Cal. Rptr. *443 689]; Tiedemann v. Superior Court (1978) 83 Cal. App.3d 918, 925 [148 Cal. Rptr. 242]; Twyford v. Twyford (1976) 63 Cal. App.3d 916, 926 [134 Cal. Rptr. 145].) "The privilege is denied to any participant in legal proceedings only when the matter is `so palpably irrelevant to the subject matter of the controversy that no reasonable man can doubt its irrelevancy and impropriety.' [Citation.]" (Lewis v. Linn (1962) 209 Cal. App.2d 394, 399 [26 Cal. Rptr. 6]; see also Izzi v. Rellas, supra, 104 Cal. App.3d 254, 263.) (2b) Viewed in light of these principles, publication of the temporary protective order by service on the bank and the university was absolutely privileged.
The temporary protective order, a copy of which was attached to the complaint and incorporated therein by reference, described the following property subject to its provisions: "All property of a corporate defendant. Specifically, all corporate bank accounts and accounts receivable, including funds due to defendant by the University of California at San Diego." Appellant was ordered not to transfer, directly or indirectly, any interest in the described property. (3) Contrary to appellant's reading of Code of Civil Procedure section 486.050, the purpose of the requirement that the temporary protective order adequately describe the property subject to its provisions is to enable the defendant to comply with the prohibition against transfer of his property described in the order (see 16 Cal.Jur.3d (rev.) Creditors' Rights and Remedies, § 153, p. 215), not to permit the defendant to select portions of such property which eventually may be attached in satisfaction of judgment. (2c) The bank and the university held property of appellant described in the order; respondent's act of furnishing copies of the order to those entities served the purpose of informing them of the prohibition against appellant's transfer of its property in their hands. Accordingly, it cannot be said that publication of the order to the bank and the university had no logical relation to the action and was not made to achieve the object of preserving appellant's property subject to the order.
The complaint alleged that appellant was not personally served with the temporary protective order as required by law (Code Civ. Proc., § 486.080). Personal service of the temporary protective order on the defendant permits enforcement of the order by contempt proceedings (Cal. Law Revision Com. com., Deerings Ann. Code Civ. Proc., § 486.080 (1986 pocket supp.) p. 83) and creates a lien "upon any property, or the proceeds thereof, which is described in the order, is owned by the defendant at the time of such service, and is subject to attachment pursuant to this title." (Code Civ. Proc., § 486.110, subd. (a).) (4) Thus, while respondent's alleged failure to serve appellant personally with the order bars its enforcement by contempt proceedings and prevents the creation of a lien on appellant's property described in the order, it does not alter the conclusion that respondent's *444 publication of the order to the bank and the university, which held property of appellant subject to the order, was logically related to the action and was made to achieve the order's object of preserving such property.
Appellant argues publication of the temporary protective order was not privileged for the further reason that Code of Civil Procedure section 486.070 does not authorize service of the order on third parties such as the bank and the university. Section 486.070 provides that a temporary protective order "binds only the defendant, whether or not any other person knows of or is served with a copy of the temporary protective order." (5) While the statute does not expressly authorize service of the order on third parties, it clearly recognizes that they may have knowledge of the order. In any event, statutory authorization of publication to third parties is not necessary to meet the fourth condition for application of the privilege, i.e., that the publication involve participants authorized by law. For purposes of such condition, a third party is an authorized participant in a lawsuit where he has a substantial interest in its outcome. (Costa v. Superior Court, supra, 157 Cal. App.3d 673, 678.) Such requirement is met in the present case inasmuch as the bank and the university held assets of appellant described in the order which could become subject to attachment.
The demurrer was properly sustained.

II
The only remaining question is whether the trial court abused its discretion in denying leave to amend the complaint. (6) Ordinarily it is an abuse of discretion to sustain a general demurrer to a complaint without leave to amend if there is a reasonable possibility that the defect in the complaint can be cured by amendment. (Harman v. City and County of San Francisco (1972) 7 Cal.3d 150, 157 [101 Cal. Rptr. 880, 496 P.2d 1248]; Jones v. Daly (1981) 122 Cal. App.3d 500, 510 [176 Cal. Rptr. 130].) "`However, the burden is on the plaintiff to demonstrate that the trial court abused its discretion. [Citations.] Plaintiff must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading. [Citation.]'" (Goodman v. Kennedy (1976) 18 Cal.3d 335, 349 [134 Cal. Rptr. 375, 556 P.2d 737], quoting from Cooper v. Leslie Salt Co. (1969) 70 Cal.2d 627, 636 [75 Cal. Rptr. 766, 451 P.2d 406].) In the trial court appellant proposed to amend its complaint "to show libel." Such an amendment would not defeat the absolute privilege accorded a publication made in a judicial proceeding for, as indicated previously herein, such privilege is applicable in a defamation action as well as in an action for *445 abuse of process. (See Rosenthal v. Irell & Manella, supra, 135 Cal. App.3d 121, 125; Younger v. Solomon, supra, 38 Cal. App.3d 289, 300.) In this court appellant does not offer to amend its complaint in any manner. Accordingly, appellant has failed to sustain the burden of showing an abuse of discretion in the trial court's denial of leave to amend.

DISPOSITION
The judgment is affirmed.
Thompson, J., and Johnson, J., concurred.
NOTES
[1] The complaint sought compensatory damages of $868.40 and punitive damages of $100,000 based on the allegation that LBBMC acted with the improper motive, amounting to malice, of compelling Profile to pay LBBMC money to which it was not entitled.
[2] Civil Code section 47 provides in pertinent part: "A privileged publication or broadcast is one made ... [¶] 2. In any ... (2) judicial proceeding...."
[3] Code of Civil Procedure section 486.050 provides in pertinent part: "(a) Except as otherwise provided in Section 486.040, the temporary protective order may prohibit any transfer by the defendant of any of the defendant's property in this state subject to the levy of the writ of attachment. The temporary protective order shall describe the property in a manner adequate to permit the defendant to identify the property subject to the temporary protective order."

Code of Civil Procedure section 486.080: "The temporary protective order shall be personally served on the defendant together with the documents referred to in Section 484.040."