[No. A039482. First Dist., Div. Three. Oct. 29, 1987.]

ANDREW FRENCH LOOMIS et al., Petitioners, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
JOSEPH M. MURPHY, Real Party in Interest.

**COUNSEL**

Andrew French Loomis, in pro. per., and for Petitioners.

No appearance for Respondent.

Patricia O'Neill Mitchell for Real Party in Interest.

**OPINION**

**WHITE, P. J.**—Petitioner Loomis, an attorney being sued by another attorney for abuse of process and intentional infliction of emotional distress, and petitioner Kim, his client, also a defendant, contend that the lawsuit is

barred by the "litigant's privilege" set forth in Civil Code section 47, subdivision 2. Respondent court denied summary judgment on the ground that application of the privilege raised triable issues of fact. We conclude that the court erred.

Petitioner Loomis represented Kim in a contract action against a Korean corporation doing business in the United States. Real party, Joseph M. Murphy, represented the Korean company. During the pendency of the lawsuit, real party was suspended from the practice of law for a period of 30 days. The 30-day suspension was in effect on the day the Korean corporation filed its notice of motion to change venue. The heading on the document showed the name "LAW OFFICES OF JOSEPH M. MURPHY," and the motion papers were submitted by "LAW OFFICES OF JOSEPH M. MURPHY —By: Patricia O'Neill Mitchell."

Petitioner Loomis, on his client's behalf, prepared and filed a motion to strike the Korean corporation's motion for change of venue. Petitioner Loomis attached public documents from the State Bar proceedings leading to real party's suspension, and argued that the corporation could not be represented on the motion by a suspended attorney. He served the motion to strike, along with the State Bar documents, upon the Law Offices of Joseph M. Murphy, the Korean corporation, and two officers of the corporation.

While the contract action was still pending, real party brought this action against both petitioners for abuse of process and intentional infliction of emotional distress. Real party's suit alleges that petitioners' use of copies of the State Bar proceedings constituted an "unwarranted and irrelevant attack on Murphy" and that service of those documents on the corporation and its shareholders constituted use of the court to perpetrate an injustice and for an improper purpose. The complaint asserts that petitioners served the documents after the suspension had ended, knowing that the suspension was over, with the hope of causing internal dissension and disruption of the corporation's business and of discrediting and damaging real party's reputation with his clients and with the community at large. The complaint alleges that these actions were taken in retaliation for real party's failure to reply to a request for production of documents.

Petitioners moved for summary judgment on the ground that the litigant's privilege made this communication absolutely privileged. The court denied the motion. This petition followed.

■ Civil Code section 47, subdivision 2, provides for a privilege "in any . . . (2) judicial proceeding . . . ." This privilege "attaches even though

the publication was made with actual malice or with intent to do harm. [Citations.] ■ The privilege created by section 47, though part of the statutory law dealing with defamation, has been applied by case law to defeat a variety of tort actions, including abuse of process. [Citations.]" (*Profile Structures, Inc.* v. *Long Beach Bldg. Material Co.* (1986) 181 Cal.App.3d 437, 441 [226 Cal.Rptr. 192].) It has been applied repeatedly to defeat actions alleging intentional infliction of emotional distress. (See, e.g., *Pettitt* v. *Levy* (1972) 28 Cal.App.3d 484 [104 Cal.Rptr. 650]; *Katchig* v. *Boothe* (1971) 22 Cal.App.3d 626, 641 [99 Cal.Rptr. 393]; *Agostini* v. *Strycula* (1965) 231 Cal.App.2d 804, 808 [42 Cal.Rptr. 314].)

■ The absolute immunity of section 47, subdivision 2, attaches if all the following conditions have been met: "the publication (1) was made in a judicial proceeding; (2) had some connection or logical relation to the action; (3) was made to achieve the objects of the litigation; and (4) involved litigants or other participants authorized by law." (*Bradley* v. *Hartford Acc. & Indem. Co.* (1973) 30 Cal.App.3d 818, 825 [106 Cal.Rptr. 718].) "[W]here the facts and circumstances under which a defamatory publication was made are undisputed, the question of privilege is a matter of law." (*Costa* v. *Superior Court* (1984) 157 Cal.App.3d 673, 678 [204 Cal.Rptr. 1].) Any doubt as to whether there is a relationship between the communication and the judicial proceeding must be resolved in favor of a finding of privilege. (See *Profile Structures, Inc.,* v. *Long Beach Bldg. Material Co., supra,* 181 Cal.App.3d at p. 442; *Costa* v. *Superior Court, supra,* at p. 678.)

The court below denied summary judgment because it found "there is a triable issue of material fact as to whether the 'litigants privilege' set forth in Civil Code Section 47(2) [*sic*] applies, specifically whether the communication complained of had some connection or logical relation to the pending judicial proceedings." Instead of specifically referring to evidence proffered in support of and in opposition to the motion, the court's order merely referred to "The Declarations of the parties."

Real party in interest concedes that the court's order is insufficient. (See *Continental Ins. Co.* v. *Superior Court* (1985) 165 Cal.App.3d 1069 [212 Cal.Rptr. 140].) But in this proceeding we are more concerned with the substance than with the form of the court's order. If we were to return the matter for preparation of a sufficient order, the substance of the court's ruling would probably not change.

It is apparent from the substance of the court's ruling that the court was reluctant to make a ruling of law concerning the relationship between the litigation and petitioners' publication of State Bar materials. But the facts and circumstances under which the publication was made are undisputed.

The question of privilege was therefore a question of law. (*Costa* v. *Superior Court, supra,* 157 Cal.App.3d at p. 678.)

■ Real party contends that the publication was not related to the litigation because the basis for the motion to strike was unsound, as revealed by the fact that the court not only granted the motion to change venue, but sanctioned petitioners for their opposition to the motion. He points out that the motion to strike completely ignored Ms. Mitchell's participation in the case, and asserts that her appearance either as "co-counsel" or "pro-bono" provided representation for the corporation.

Real party incorrectly assumes that the failure of petitioner's motion to strike constitutes evidence that publication of the State Bar documents was not related to the litigation. But clearly the litigant privilege does more than protect successful litigants. Even if the first court was correct in denying the motion to strike, it does not follow that petitioner's assertion of attorney suspension as a ground for striking the motion had no "connection or logical relation to the action." The privilege would have little value if attorneys could not make colorable, but unsuccessful, arguments without fear of engendering litigation over publication of materials to support their arguments.

As recently restated in *Profile Structures, Inc.* v. *Long Beach Bldg. Material Co., supra,* 181 Cal.App.3d at p. 443, quoting *Lewis* v. *Linn* (1962) 209 Cal.App.2d 394, 399 [26 Cal.Rptr. 6]: " 'The privilege is. denied to any participant in legal proceedings only when the matter is "so palpably irrelevant to the subject matter of the controversy that no reasonable man can doubt its irrelevancy and impropriety." [Citation.]' " Petitioners' documentation of real party's suspension was not palpably irrelevant to a motion to strike the motion filed by the "Law Offices of Joseph M. Murphy." Indeed, it was directly related to the motion to strike, which was not a palpably improper legal challenge to the motion to change venue.

Nor was it improper to serve the moving papers upon the corporation and its officers. They were "involved litigants or other participants authorized by law."

Real party also contends that, rather than move to strike the motion to change venue, petitioners should have given written notice under Code of Civil Procedure section 286 asking the defendant to appoint another attorney to replace the suspended attorney. This curious suggestion undermines real party's own position. Real party seems to be saying that petitioners should have served notice on the defendants of their attorney's suspension, not moved to strike *and* served notice of the attorney's suspension. We fail

to see why, if communication about real party's suspension was improper in connection with a motion to strike, it would be any more acceptable without a motion to strike. Real party implicitly acknowledges that if petitioner Loomis believed the corporation was not represented by counsel it was incumbent upon him to so advise the corporation. It cannot be the law that what counsel should have done under Code of Civil Procedure section 286 is not privileged if done in connection with a motion to strike papers filed by the office of suspended counsel.

Next, real party argues that it was improper to include documents which show the cause of real party's suspension because the cause of the suspension could not be even remotely relevant to the motion to strike. It is true that the point of the motion to strike could have been made without attachment of all the documents filed and served by petitioner. However, these documents did provide evidentiary support for petitioners' assertion that the suspension had taken place. It was therefore not patently improper for petitioners to include them in the motion to strike and to serve them upon real party's client.

We issue a peremptory writ of mandate in the first instance. Such a procedure is proper, as we have advised real party in interest that we might act by a peremptory writ in the first instance. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue directing the Alameda County Superior Court to vacate its order denying summary judgment and to enter a new order granting summary judgment in petitioners' favor.

Scott, J., and Merrill, J., concurred.