[No. A045541. First Dist., Div. Three. Jan. 26, 1990.]

ANDREW FRENCH LOOMIS et al., Cross-complainants and Appellants, v.
JOSEPH MICHAEL MURPHY, Cross-defendant and Respondent.

COUNSEL

Andrew French Loomis, in pro. per., for Cross-complainants and Appellants.

No appearance for Cross-defendant and Respondent.

OPINION

MERRILL, J.—Following the dismissal of his underlying complaint,[1] Joseph Michael Murphy moved for judgment on the pleadings as to the first

[1] The judgment of dismissal on the complaint was entered after the Court of Appeal issued a peremptory writ of mandate directing the trial court to enter an order granting summary

amended cross-complaint (hereinafter cross-complaint) filed by Andrew French Loomis and Chul Ki Kim. The trial court granted the motion and entered judgment on the cross-complaint in favor of Murphy. Loomis and Kim appeal.

## I

■ A motion for judgment on the pleadings, analogous to a general demurrer, challenges the sufficiency of the plaintiff's (here cross-complainant's) cause of action. The motion is confined to the face of the pleading under attack. It admits all material and issuable facts pleaded and the issue is whether a cause of action has been stated. (*Fosgate* v. *Gonzales* (1980) 107 Cal.App.3d 951, 957 [166 Cal.Rptr. 233]; *Tiffany* v. *Sierra Sands Unified School Dist.* (1980) 103 Cal.App.3d 218, 225 [162 Cal.Rptr. 669].)

According to the cross-complaint, Murphy filed the complaint in this action without an honest belief in its validity and for an ulterior and improper purpose. The cross-complaint alleged that Murphy filed the complaint maliciously and with the intent to damage Loomis and Kim by gaining advantage in another lawsuit, Kim v. Palmco Corporation et al. In the other action Kim, represented by Loomis, had sued Palmco Corporation and two of its officers, all of whom were represented by Murphy. The cross-complaint set forth that Murphy filed and maintained the action herein as a tactical means to hamper Kim and Loomis's prosecution of Kim v. Palmco Corporation et al. In its amended form the cross-complaint alleged that the underlying complaint had been resolved against Murphy. The original cross-complaint had alleged a cause of action for abuse of process only, but after the final determination against Murphy on the complaint, the trial court granted cross-complainant's motion to include a cause of action for malicious prosecution.

## II

Loomis and Kim contend the judgment on the pleadings was granted erroneously as the cross-complaint sufficiently stated causes of action for malicious prosecution and abuse of process. We have determined that the trial court erred in granting the motion for judgment on the pleadings as to the cause of action for malicious prosecution but the ruling was correct as to the cause of action for abuse of process.

*Malicious Prosecution*

■ An action for malicious prosecution of a civil proceeding requires the plaintiff to establish that the prior action: (1) was commenced by or at

judgment in favor of defendants Andrew French Loomis and Chul Ki Kim. (*Loomis* v. *Superior Court* (1987) 195 Cal.App.3d 1026 [241 Cal.Rptr. 236].)

the direction of the defendant and was pursued to a legal termination favorable to the plaintiff; (2) was brought without probable cause and; (3) was initiated with malice. (*Bertero* v. *National General Corp.* (1974) 13 Cal.3d 43, 50 [118 Cal.Rptr. 184, 529 P.2d 508, 65 A.L.R.3d 878].) Because of the virtual impossibility of proving favorable termination of the prior action, our courts have prohibited the filing of a cross-complaint for malicious prosecution against the plaintiff in the *same action* which defendant claims is being maliciously prosecuted. (*Babb* v. *Superior Court* (1971) 3 Cal.3d 841, 846 [92 Cal.Rptr. 179, 479 P.2d 379], and cases there cited; *MacCharles* v. *Bilson* (1986) 186 Cal.App.3d 954, 957 [231 Cal.Rptr. 155].) ▮ Relying on the rule against malicious prosecution cross-complaints, the trial court here determined a cause of action for malicious prosecution was not stated. However, in our view, considering the procedural posture of this case, the *Babb* rule against malicious prosecution cross-complaints is inapplicable.

One rationale for the *Babb* rule is the theoretical impossibility of a malicious prosecution cross-complaint. As a malicious prosecution action does not accrue until the conclusion of the prior action, the statute of limitations does not begin to run until such date. As the *Babb* court reasoned: "Were we to entertain a cross-action for malicious prosecution, we would create the incongruous situation of such an action being filed long before the statute of limitations begins to run." (*Babb* v. *Superior Court, supra,* 3 Cal.3d at p. 846.) Of course, in the instant case, when the first amended cross-complaint was filed, the prior action had already terminated favorably for appellants. Concerns about late accrual of the malicious prosecution claim are not present.

The *Babb* rule prohibiting malicious prosecution cross-complaints was also premised on judicial administration concerns which may arise in the absence of the "favorable termination" requirement. First, the favorable termination rule prevents the inconsistent judgments which may occur if the malicious prosecution action were permitted to be filed before the conclusion of the principal action. In such instances, where the two actions are before two independent triers of fact, a plaintiff may prevail in the main action yet lose the malicious prosecution suit. Additionally, unnecessary litigation is eliminated by retaining the favorable termination rule because a losing defendant in the main action will not institute a malicious prosecution suit as the prior judgment negates conclusively the probable cause element. Third, orderly trials are facilitated by the favorable termination rule in that the other elements, malice and lack of probable cause, are easier to determine with the availability of the record from the first action. (3 Cal.3d at pp. 846-847.)

None of these concerns arise from the first amended cross-complaint filed here. The complaint has already been dismissed, obviating the possibility of inconsistent results. As the complaint has already been resolved favorably to appellants, the probable cause element of the malicious prosecution claim has not been negated conclusively. Finally, as the underlying complaint has been dismissed, any evidentiary benefit therefrom has already been gained.

Finally, *Babb* analyzed the public policy considerations which support the favorable termination rule. The court reasoned that permitting malicious prosecution cross-complaints would only increase the filing of such actions and thus the use of these suits as dilatory and harassing devices. Our Supreme Court considered that such a result contravenes the general disfavor in the law for malicious prosecution actions. (3 Cal.3d at p. 847.) "Abolition of the requirement that malicious prosecution suits be filed as separate actions after termination of the main litigation would surely increase the incidence of such suits, since filing a cross-action requires less time, expense, and preparation than does initiation of a separate action. Furthermore, the introduction of evidence on the issues of malice and probable cause may prejudice the trier of fact against the plaintiff's underlying complaint, or enhance the possibility of a compromise verdict. Even if, as here requested, consideration of those issues is deferred until the principal action has been completed, an outcome of that trial adverse to the plaintiff may unduly enhance the defendant's chances in his malicious prosecution action. Finally, as was the case here, the plaintiff and his attorney may be joined as cross-defendants in the malicious prosecution suit. This not only places the attorney in a potentially adverse relation to his client, but may well necessitate the hiring of separate counsel to pursue the original claim. [Citation.] The additional risk and expense thus potentially entailed may deter poor plaintiffs from asserting bona fide claims." (*Id.*, at pp. 847-848, fn. omitted.)

While we recognize the general disfavor in the law for claims of malicious prosecution, the public policy concerns underlying the *Babb* rule are not raised by the amended cross-complaint here as favorable termination of the prior action has already occurred. Where, as here, the elements of malicious prosecution are capable of sufficient statement by cross-complaint, we find no reason for permitting the separate filing of such an action and yet prohibiting it as a cross-complaint. The concern for an increased number of malicious prosecution actions is unfounded in the instant scenario. Second, as the underlying complaint has already been resolved, the possibility of prejudice to the plaintiff or a compromise verdict does not exist. Neither is a conflict of interest situation presented here. Although the concerns raised in *Babb* are well founded with respect to malicious prosecution cross-complaints filed before favorable termination of the original complaint, they have no application to the cross-complaint here at issue.

Our review of the first amended cross-complaint reveals a malicious prosecution action has been stated. In addition to the favorable termination element, the cross-complaint also states the probable cause and malice elements. ■ Probable cause in the context of a malicious prosecution action has been defined as an honest suspicion or belief on the part of the plaintiff, founded on facts sufficiently strong to warrant a reasonable person in believing the truth of the charge. (*Lucchesi* v. *Giannini & Uniack* (1984) 158 Cal.App.3d 777, 785 [205 Cal.Rptr. 62].) ■ Appellants alleged that Murphy never had an honest and sincere belief in the validity of his complaint and that he never sought or obtained an independent opinion of the validity of the complaint. For purposes of a motion for judgment on the pleadings, the absence of probable cause is sufficiently stated. Finally, the cross-complaint also set forth that Murphy and Black and White Company filed and maintained the action maliciously and with the intent to harm appellants.

*Abuse of Process*

■ The fundamental elements of the tort of abuse of process are " ' "first, an ulterior purpose, and second, a wilful act in the use of the process not proper in the regular conduct of the proceeding." ' " (*Oren Royal Oaks Venture* v. *Greenberg, Bernhard, Weiss & Karma, Inc.* (1986) 42 Cal.3d 1157, 1168 [232 Cal.Rptr. 567, 728 P.2d 1202], quoting *Templeton Feed & Grain* v. *Ralston Purina Co.* (1968) 69 Cal.2d 461, 466 [72 Cal.Rptr. 344, 446 P.2d 152].) ■ Further, it is well settled that, in contrast to a cause of action for malicious prosecution, "the mere filing or maintenance of a lawsuit—even for an improper purpose—is not a proper basis for an abuse of process action. [Citations.]" (*Oren Royal Oaks Venture* v. *Greenberg, Bernhard, Weiss & Karma, Inc., supra,* 42 Cal.3d at p. 1169.) An abuse of process cause of action is not stated where the complaint alleges simply that the prior action was instituted improperly. There must be some substantial use or misuse of the judicial process beyond the mere filing of the prior action. (*Drasin* v. *Jacoby & Meyers* (1984) 150 Cal.App.3d 481, 485 [197 Cal.Rptr. 768]; see also *Seidner* v. *1551 Greenfield Owners Assn.* (1980) 108 Cal.App.3d 895, 903-904 [166 Cal.Rptr. 803].)

■ Applying these principles to the allegations of the instant complaint compels our conclusion that an abuse of process cause of action was not stated. While the cross-complaint contained allegations concerning Murphy's alleged ulterior purpose, it contained no allegations of misuse of process other than the filing of the complaint. As our courts have determined, this is insufficient to state an abuse of process action.

Appellants submit the alternative argument that, even if the complaint failed to state a cause of action, the trial court should have granted leave to

amend instead of judgment on the pleadings. ■ Where the facts as pleaded demonstrate that no cause of action exists, a motion for judgment on the pleadings must be granted. Where it appears the complaint could be amended to state a cause of action exists, the plaintiff should be granted leave to so amend the complaint. (*Scott* v. *City of Indian Wells* (1972) 6 Cal.3d 541, 550 [99 Cal.Rptr. 745, 492 P.2d 1137]; *Wagner* v. *Benson* (1980) 101 Cal.App.3d 27, 32-33 [161 Cal.Rptr. 576].) ■ However, the abuse of process cause of action does not appear curable by amendment and judgment on the pleadings as to this cause of action was granted correctly. (See *Ion Equipment Corp.* v. *Nelson* (1980) 110 Cal.App.3d 868, 877-878 [168 Cal.Rptr. 361].)

The judgment is reversed with respect to the cause of action for malicious prosecution; the judgment is affirmed with respect to the cause of action for abuse of process. Appellants shall recover costs on appeal.

Barry-Deal, Acting P. J., and Strankman, J., concurred.