[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION ON THEPLAINTIFFS' MOTION TO STRIKE COUNTERCLAIM]
The plaintiffs, Susan G. Ellis and Richard N. Berger, have brought this action for defamation against the defendants. Alan B. Connor and Christine Craugh, as employees of the defendant corporation, a commercial ambulance company, based on an incident report filed by the individual defendants on December 20, 1990 concerning the actions and conduct of the plaintiffs as emergency medical technicians (EMTs) and members of the Glastonbury Volunteer Ambulance Association (GVAA) at the scene of an accident two days before to which vehicles of both ambulance services had responded after receiving an emergency call for medical assistance.
The complaint (¶ 30) alleges that the incident report filed by the defendants with the GVAA and the Manchester Memorial Hospital "constituted libel per se, in that plaintiffs were falsely accused CT Page 4581 improper conduct, lack of skill and integrity and incompetence in the performance of their duties as licensed [EMTs] . . ." . The defendants, by way of a counterclaim, have asserted common law and statutory claims of vexations suit based on the subsequent filing by the plaintiffs of a petition with the commissioner of health services seeking the revocation of the licenses of all three defendants.
They allege (¶¶ 7 through 10) that the plaintiffs "lacked a reasonable good faith belief in the facts asserted and/or in the validity of one or more of the claims asserted" in the complaint, that it was subsequently dismissed, that an appeal was taken to this court which was also dismissed, and that a motion for reargument of the dismissal was subsequently denied by the court. They further allege (¶ 11) that the plaintiffs acted with malice in that they lacked probable cause to initiate the administrative proceedings and the subsequent appeal and that they "were brought primarily for an improper purpose."
The plaintiffs filed a request to revise the counterclaim on the ground that the defendants' allegations of lack of probable cause were "conclusionary" and because they had failed to state any facts upon which such a claim could have been based The defendants' objections to the request to revise on the grounds that their allegations of probable cause were "more than sufficient" to put the plaintiffs on notice of their claims, and that additional facts could be obtained through discovery, were sustained by this court on October 4, 1993.
On October 20, 1993, the plaintiffs filed a motion to strike in two parts, the first of which was directed to the second and third counts of the counterclaim alleging liability for vexatious suit under § 52-568 of the General Statutes on the ground that they were improperly joined with the first count which asserted a common law claim, and the second of which was directed to all three counts of the counterclaim on the ground that they alleged insufficient facts to support the "conclusionary allegation" that the plaintiffs lacked probable cause to institute the license revocation proceedings before the commissioner of health services. The first part of the motion based on the claim of misjoinder of statutory and common law counts in one complaint was denied by the court on November 29, 1993.
It should first be noted that the plaintiffs' arguments in support of their motion to strike the counterclaim are essentially CT Page 4582 the same as those advanced and rejected by this court in support of their request to revise what they claimed were "conclusionary" allegations of lack of probable cause. Where a matter has previously been ruled upon by the court, it may treat that decision as the law of the case "if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." [Breen] v. [Phelps], 186 Conn. 86, 89.
It is of some significance at least that the illustrative form of complaint in statutory or common law actions for vexatious suit commonly used in such actions states only that the action or proceeding was "commenced and prosecuted . . . without probable cause" and that it alleges no further facts other than the nature of the proceeding and the vexatious intent with which it was brought. 3 Connecticut Practice Book Annotated, Form 804.11. Moreover, should be noted that the challenged allegation in the defendants' counterclaim contains certain additional language namely, that the plaintiffs "lacked a reasonable good faith belief in the facts asserted and/or in the validity of one or more of the claims asserted" by them.
The term "probable cause" is "a [bona fide] belief in the existence of the facts essential under the law for the action and such as would warrant a [person] of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." [Wall] v. [Toomey,] 52 Conn. 35, 36. A more recent formulation of the factual and legal basis for the finding of its existence or non-existence has been given by the United States Supreme Court when it stated that the "notion of probable cause, as understood and applied in the common-law tort of wrongful civil proceedings, requires the plaintiff to prove that the defendant lacked probable cause institute an unsuccessful civil lawsuit and that the defendant pressed the action for an improper, malicious purpose." [Professional Real Estate Investors, Inc.] v. [Columbia PicturesIndustries, Inc.,] 113 S.Ct. 1920, 1929 (1993).
An allegation that the party who initiated the proceeding which is claimed to have been vexatious "never had an honest and sincere belief in the validity of his complaint" states a factual basis for a claim of lack of probable cause which is sufficient to withstand a demurrer. [Loomis] v. [Murphy], 266 Cal.Rptr. 82, 85
(Cal.App. 1990). Such an allegation creates a factual issue for the trier as to whether the action was brought without probable cause and may not be resolved by the trial court as a matter of law on the ground of its legal insufficiency. [Reeves] v. [Agee], 769 P.2d 745, CT Page 4583 755 (Okla. 1989).
It may reasonably be assumed under the pleadings that have already been filed in this case that the plaintiffs' administrative complaint against the defendants for revocation of their licenses was a consequence of the filing by the defendants of the incident report which is the subject matter of the original complaint which incorporates it by reference. Accordingly, because the facts upon which the plaintiffs acted when they instituted the underlying administrative proceeding and subsequent appeal are controverted "there are factual issues that must be resolved [by the trier] before the court can reach the question of law" raised in the plaintiffs' motion to strike the counterclaim. See [West ValleyTaxpayers and Environment Association] v. [Parnas], 271 Cal.Rptr. 611, 616 (Cal.App. 1990).
For the foregoing reasons, the plaintiffs' motion to strike the defendants' counterclaim in its entirety on the ground that it fails to sufficiently allege lack of probable cause is denied.
Hammer, J.