Filed 7/29/16  Panoutsopoulos v. The Karsant Family Ltd. Partnership CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NICHOLAS PANOUTSOPOULOS et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> THE KARSANT FAMILY LIMITED PARTNERSHIP et al., <br><br> Defendants and Respondents. | A147324 <br><br> (City & County of San Francisco Super. Ct. No. CGC-14-537236) |

Plaintiffs Nicholas and Ekaterine Panoutsopoulos appeal from an order granting a special motion to strike their cause of action for malicious prosecution brought by defendants Andrew M. Zacks and his law firm Zacks and Freedman (defendants).  The malicious prosecution claim is based on the filing of a cross-complaint by defendants on behalf of their clients Peter Karsant and the Karsant Family Limited Partnership (KFLP) that the cross-complainants voluntarily dismissed with prejudice.  The special motion to strike was granted on the ground that there was no favorable termination of the entire action because plaintiffs' original causes of action against Karsant and KFLP were still pending.  Plaintiffs contend the dismissal of the cross-complaint with prejudice sufficiently satisfies the favorable-termination element of a malicious prosecution claim despite the continuing litigation over other causes of action of the complaint.  We conclude that the trial court properly applied existing authority, particularly *Pasternack v. McCullough* (2015) 235 Cal.App.4th 1347 (*Pasternack*), which holds that "the weight of authority is firmly against allowing a party . . . to commence a malicious prosecution

1

action against any party, based on a severed and favorably adjudicated claim, while the party pursues other claims in the underlying action" (*id.* at p. 1356). We shall therefore affirm the order granting the special motion to strike.

## Background

The present dispute arises out of a lengthy history of litigation, the details of which need not be considered in order to resolve the issue now before the court. In brief, plaintiffs are former commercial tenants of KFLP who previously operated a café at the leased premises. Karsant is the managing general partner of KFLP. Plaintiffs filed the present action in February 2014, alleging that Karsant and KFLP fraudulently induced them to enter a settlement of a prior suit between the same parties, in which Karsant and KFLP had agreed to offer a proposed lease of the premises to a potential purchaser of the café on certain terms. Karsant and KFLP, represented by defendants, filed a cross-complaint against plaintiffs alleging, among other things, conversion of property removed from the premises at the expiration of plaintiffs' lease and causing damage to the property, interfering with KFLP's ability to release the premises. In May 2015, two and a half weeks before the case was set for trial, the cross-complainants dismissed the cross-complaint with prejudice, allegedly without the payment of any consideration by plaintiffs. The case did not then proceed to trial and in August 2015, pursuant to leave of court, plaintiffs filed a second amended complaint. The amended complaint re-alleges causes of action against Karsant and KFLP for breach of the prior settlement agreement and tortious interference with plaintiffs' contractual relations and against KFLP for breach of the underlying lease; the amended complaint also adds a new, fifth, cause of action against Karsant, KFLP and defendants, their attorneys, for malicious prosecution. Defendants then brought a special motion to strike the amended complaint under the anti-SLAPP statute (Code Civ. Proc., § 425.16), which the trial court granted, dismissing the action against defendants.[1] The court's order explains: "As *Pasternack v. McCullough*

---

[1] The special motion to strike was not brought on behalf of Karsant or KFLP and the order does not purport to affect the claims against them. They are not parties to the appeal.

2

(2015) 235 Cal.App,4th 1347, aptly states, 'a malicious prosecution plaintiff should be required to simply wait until it obtains a favorable termination in the entire underlying action' to avoid the 'virtual certain[ty]' of creating apparent conflicts of attorney interest." Plaintiffs have timely appealed from that order.

## Discussion

The parties agree that the trial court properly determined that defendants satisfied the first prong of the two-stage procedure for ruling on a special motion to strike under Code of Civil Procedure section 425.16. The malicious prosecution cause of action unquestionably arises out of the exercise of the right of petition or free speech, the filing of the cross-complaint. (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 90.) Plaintiffs dispute the court's determination that they failed to satisfy the second prong of the analysis by demonstrating their ability to prevail on the merits of their claim, because they could not show that they had obtained a favorable termination of the underlying litigation. On appeal, we review this determination de novo. (*Cole v. Patricia A. Meyer & Associates, APC* (2012) 206 Cal.App.4th 1095, 1105.)

There is also no dispute that one of the elements a plaintiff must prove to prevail on a malicious prosecution claim is that the action allegedly prosecuted maliciously was terminated in the plaintiff's favor. "Favorable termination 'is an essential element of the tort of malicious prosecution and it is strictly enforced.' " (*StaffPro, Inc. v. Elite Show Services, Inc.* (2006) 136 Cal.App.4th 1392, 1400.) Plaintiffs contend, "The trial court erred in ruling that the entire underlying litigation had to be resolved before plaintiffs could pursue their malicious prosecution claim based on the filing and maintenance of the defendants' cross-complaint. . . . [O]nly the cross-complaint on which the malicious prosecution claim is based is required to be terminated in plaintiffs' favor."

Plaintiffs are correct that many of the considerations that preclude the filing of a malicious prosecution claim while the underlying litigation is still pending may not apply in the present situation. (See, e.g., *Babb v. Superior Court* (1971) 3 Cal.3d 841, 846-848.) It may well be that the dismissal of the cross-complaint with prejudice indicates "the innocence of the accused" with respect to the claims alleged in the cross-complaint.

3

(*Id.* at p. 846.) It may also be correct that proceeding with plaintiffs' claim that the cross-complaint was maliciously prosecuted before the termination of their other claims against defendants' clients would not risk inconsistent judgments, that as plaintiffs argue, they "can lose on all matters alleged in the complaint and still be totally innocent of the false and malicious charges made in the cross-complaint." Nonetheless, other considerations discussed in *Babb* and reiterated in numerous subsequent cases support the rule that the entire litigation, and not just a single claim, must be resolved before the malicious prosecution cause of action accrues. Among these considerations are avoiding the encouragement of "more frequent resort to malicious prosecution actions" and not facilitating "their use as dilatory and harassing devices." (*Id.* at p. 847.) Moreover, as the Supreme Court pointed out in *Babb,* "the plaintiff and his attorney may be joined as cross-defendants in the malicious prosecution suit. This not only places the attorney in a potentially adverse relation to his client, but may well necessitate the hiring of separate counsel to pursue the original claim. . . . The additional risk and expense thus potentially entailed may deter poor plaintiffs from asserting bona fide claims." (*Id.* at pp. 847-848, fn. omitted.)

Thus, in *Pasternack,* "When Pasternack filed his malicious prosecution complaint, and when the special motion to strike was heard, he was still pursuing a cross-complaint in the underlying action against some of the same defendants he claimed maliciously filed the complaint in the underlying action. Thus, Pasternack's malicious prosecution complaint was premature, as a matter of law." (*Pasternack*, *supra*, 235 Cal.App.4th at p. 1351.) In addition to avoiding the risk of inconsistent judgments, the Court of Appeal elaborated on an additional reason for prohibiting a malicious prosecution cause of action on a severed and favorably adjudicated claim to proceed while the plaintiff is still pursuing other claims in the underlying action. "The present case illustrates another problem—one that is virtually certain to arise if a malicious prosecution plaintiff were able to sue an opposing party's attorney for malicious prosecution while the attorney continues to represent the opposing party in the underlying action. The need to defend against Pasternack's malicious prosecution complaint put the McCullough defendants

4

and Easton in the unfavorable position of appearing to have a conflict of interest—even if they honestly and reasonably believed they had probable cause to pursue Easton's collection claim. Based solely on the appearance of having a conflict of interest with a client, many attorneys would conclude the best course of action is to substitute out of the case in favor of new counsel, even if that means the client incurs substantial additional attorney fees and costs associated with hiring new counsel. If this occurs, it means the malicious prosecution plaintiff has obtained an unfair advantage over the opposing party—*even if the malicious prosecution claim lacks merit.* There is no good purpose to be served in allowing a malicious prosecution plaintiff to obtain such an advantage over an opposing party and its counsel. To prevent this from occurring, a malicious prosecution plaintiff should be required to simply wait until it obtains a favorable termination of the *entire* underlying action before it may maintain a suit for malicious prosecution against an opposing party or its counsel based on the prosecution of all or part of the underlying action." (*Id.* at p. 1357.)

That reasoning, which the trial court here explicitly adopted, is fully applicable in the present case. And none of the cases cited by plaintiffs cast any doubt on this principle. In *Bertero v. National General Corp.* (1974) 13 Cal.3d 43, the Supreme Court did hold that a malicious prosecution cause of action can be based on the filing of a cross-complaint, but it did not say that this can be done while the underlying action is still pending. To the contrary, as the Court of Appeal stated in *Jenkins v. Pope* (1990) 217 Cal.App.3d 1292, 1300: "the Supreme Court's holding that a malicious prosecution suit may be maintained where only one of several claims in the prior action lacked probable cause (*Bertero v. National General Corp., supra*, 13 Cal.3d at pp. 55-57) does not alter the rule there must first be a favorable termination of the *entire* action. [Citation.] In *Bertero*, the question whether all or only part of the prior action had to be without probable cause arose only after judgment had been reached in the plaintiff's favor in the prior action as a whole. Indeed, even a partial summary judgment cannot support an action for malicious prosecution because the entire proceeding is not legally terminated while the remaining portions of the case remain pending."

5

In *Minasian v. Sapse* (1978) 80 Cal.App.3d 823, 825-826, the court did hold, as plaintiffs point out, that a cause of action for malicious prosecution "lies for the prosecution of ancillary proceedings, including counterclaims and cross-complaints, as well as for prosecution of the main proceedings." But the sole question in that case was "whether the dismissal of a former proceeding for failure to prosecute (Code Civ. Proc., § 583, subd. (a)) constitutes a favorable termination of the proceeding for the purpose of stating a cause of action for malicious prosecution." (*Id.* at pp. 824-825.) The opinion contains no suggestion that the cause of action arises prior to termination of the entire action.

In *Loomis v. Murphy* (1990) 217 Cal.App.3d 589, another case relied on by plaintiffs, the Court of Appeal upheld the sufficiency of a cross-complaint alleging malicious prosecution of the action in which the cross-complaint was filed after there had been a favorable termination of the underlying complaint. Citing *Babb,* the court acknowledged the prejudice that may be caused by permitting the malicious prosecution claimant to sue the opposing party and that party's attorney for malicious prosecution while the underlying action is still pending. But, the court held, "as the underlying complaint has already been resolved, the possibility of prejudice to the plaintiff or a compromise verdict does not exist. Neither is a conflict of interest situation presented here. Although the concerns raised in *Babb* are well founded with respect to malicious prosecution cross-complaints filed before favorable termination of the original complaint, they have no application to the cross-complaint here at issue." (*Id.* at p. 594.)

In none of the many other cases cited by plaintiffs is there any suggestion that a malicious prosecution cause of action arises prior to termination of the entire action in which it is filed—regardless of whether the particular claim that is alleged to have been maliciously prosecuted has been favorably resolved. "A cause of action for malicious prosecution does not accrue until such time as the prior proceeding is favorably terminated." (*Rich v. Siegel* (1970) 7 Cal.App.3d 465, 469-470.) And, as the court stated in *Pasternack,* "a malicious prosecution plaintiff should be required to simply wait until it obtains a favorable determination of the *entire* underlying action before it may maintain a

6

suit for malicious prosecution against an opposing party or its counsel based on the prosecution of all or part of the underlying action." (*Pasternack*, *supra*, 235 Cal.App.3d at p. 1357.)  Since the malicious prosecution cause of action in the present case "was premature when it was filed and was still premature when the special motion[] to strike [was] heard," rather than stay the cause of action, "[t]he proper remedy . . . is to affirm the order dismissing [the] malicious prosecution complaint against the . . . defendants." (*Id.* at p. 1358.)[2]

## Disposition

The order granting defendants' special motion to strike is affirmed.


_____
Pollak, Acting P.J.

We concur:


_____
Siggins, J.


_____
Jenkins, J.

---

[2] Plaintiffs suggested in opposition to the special motion to strike that the trial court stay the malicious prosecution cause of action, but they filed no separate motion for a stay order prior to the filing of the special motion to strike or even prior to the hearing on the motion. We have no occasion to consider whether such a stay motion, had it been filed, could properly have been granted.